**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION**

|  |  |
|---|---|
| DATA MARKETING PARTNERSHIP, LP, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 4:19-cv-00800-O ) |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) ) ) |
| Defendants. | ) ) |

## MOTION FOR REMAND TO AGENCY

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ....................................................................................... iii

INTRODUCTION ........................................................................................................ 1

BACKGROUND .......................................................................................................... 2

ARGUMENT ................................................................................................................ 4

I.   Remand For Additional Agency Action, the Primary APA Remedy After Vacatur, Is
     Appropriate Here. ................................................................................................ 4

II.  Remand Would Not Be Futile ............................................................................... 8

III. The Fifth Circuit's Decision Does Not Make Remand Unwarranted. .................. 12

IV. Subsequent Agency Action ................................................................................. 14

CONCLUSION ............................................................................................................ 15

# TABLE OF AUTHORITIES

## Cases

*Ali v. Lynch*, 814 F.3d 306 (5th Cir. 2016) ................................................................ 6

*All Indian Pueblo Council v. United States*, 975 F.2d 1437 (10th Cir. 1992) ................ 10

*Alsharqawi v. Gonzales*, No. 3:06-CV-1165-N, 2007 WL 1346667 (N.D. Tex. Mar. 14, 2007) ........... 14

*Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077 (D.C. Cir. 2001) ............................ 6

*Amanda J. v. Saul*, No. 3:19-CV-1016-B, 2020 WL 4697880 (N.D. Tex. Aug. 13, 2020) .................... 8

*Arulnanthy v. Garland*, 17 F.4th 586 (5th Cir. 2021) .......................................... 6

*Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897 (5th Cir. 1983) .................... 5

*BizCapital Bus. & Indus. Dev. Corp. v. Comptroller of Currency of U.S.*, 467 F.3d 871 (5th Cir. 2006) ........................................................................ 5, 7, 8, 9

*Bridge v. U.S. Parole Comm'n*, 981 F.2d 97 (3d Cir. 1992) .................................. 13-14

*Camp v. Pitts*, 411 U.S. 138 (1973) .......................................................... 5

*Data Marketing P'ship v. U.S. Dep't of Labor*, 45 F.4th 846 (5th Cir. 2022) .................. passim

*El Paso Elec. Co. v. FERC*, 832 F.3d 495 (5th Cir. 2016) ...................................... 8

*FEC v. Akins*, 524 U.S. 11 (1998) ............................................................ 9

*Fla. Dep't of Lab. & Emp. Sec. v. U.S. Dep't of Labor*, 893 F.2d 1319 (11th Cir. 1990) .......... 10

*Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985) .................................. 5, 7, 8

*Fogg v. Ashcroft*, 254 F.3d 103 (D.C. Cir. 2001) ............................................ 10

*FPC v. Idaho Power Co.*, 344 U.S. 17 (1952) ................................................ 5, 10

*Franciscan Alliance, Inc. v. Azar*, 414 F. Supp. 3d 928 (N.D. Tex. 2019) .................. 13, 14

*Franciscan Alliance, Inc. v. Price*, No. 7:16-CV-00108-O, 2017 WL 3616652 (N.D. Tex. July 10, 2017) ........................................................................ 13

*Gonzales v. Thomas*, 547 U.S. 183 (2006) .................................................... 7

*Ibarra v. Swacina*, 628 F.3d 1269 (11th Cir. 2010) .......................................... 10

*In re Calif. Power Exch. Corp.*, 245 F.3d 1110 (9th Cir. 2001) .............................. 14

*INS v. Orlando Ventura*, 537 U.S. 12 (2002) ................................................ 6, 7

*Knapp v. U.S. Dep't of Agric.*, 796 F.3d 445 (5th Cir. 2015) ................................ 6

*Lake Carriers' Ass'n v. EPA*, 652 F.3d 1 (D.C. Cir. 2011) .................................... 10

*Luminant Generation Co., LLC v. EPA*, 714 F.3d 841 (5th Cir. 2013) ........................ 5

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010) .................................. 13

*MRC Energy Co. v. U.S. Citizenship & Immigr. Servs.*, No. 3:19-CV-2003-K, 2021 WL 1209188 (N.D. Tex. Mar. 31, 2021) .................................................. 14

*NLRB v. Wyman-Gordon Co.*, 394 U.S. 759 (1969) .......................................... 9-10

*Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55 (2004) ........................................................... 14

*Occidental Eng'g Co. v. INS*, 753 F.2d 766 (9th Cir. 1985) ............................................................. 6

*Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994) .......................................... 6

*O'Reilly v. U.S. Army Corps of Eng'rs*, 477 F.3d 225 (5th Cir. 2007) ................................... 5, 7, 11

*Ports Am. Louisiana, Inc. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Labor*, 714 F.
    App'x 398 (5th Cir. 2018) ........................................................................................................ 9

*Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1 (2004) ............... 3, 9, 11

*Reaves v. U.S. Small Bus. Admin.*, 403 F. Supp. 3d 561 (N.D. Tex. 2019) ..................................... 6

*Sanchez-Lopez v. Barr*, 823 F. App'x 293 (5th Cir. 2020) .............................................................. 6

*Sea Robin Pipeline Co. v. FERC*, 127 F.3d 365 (5th Cir. 1997) ...................................................... 6

*SEC v. Chenery Corp.*, 332 U.S. 194 (1947) ................................................................................. 10

*Sylejmani v. Sessions*, 729 F. App'x 317 (5th Cir. 2018) ............................................................... 6

*Texas v. Biden*, 20 F.4th 928 (5th Cir. 2021) ...................................................................... 1, 4, 12

*Watson v. Geren*, 569 F.3d 115 (2d Cir. 2009) ...................................................................... 10, 11

*Whitestar Distributors, Inc. v. Cuccinelli, No. 3:20-CV-970-K-BN*, 2020 WL 6120470 (N.D. Tex.
    Sept. 29, 2020) ........................................................................................................................ 6

*Zero Zone, Inc. v. U.S. Dep't of Energy*, 832 F.3d 654 (7th Cir. 2016) ......................................... 10

## Statutes & Regulations

5 U.S.C. § 706 ...................................................................................................................... 5, 10, 14

29 U.S.C. § 1002 ............................................................................................................................. 2

29 C.F.R. § 2590.732 ................................................................................................................. 4, 11

## Other

*Appellees' Br.*, Data Marketing P'Ship v. U.S. Dep't of Labor, No. 20-11179, 2021 WL
    2582448 (5th Cir. June 15, 2021) ........................................................................................... 9

**INTRODUCTION**

The U.S. Department of Labor and the Secretary of Labor (collectively, "the Department") respectfully request that the Court remand Plaintiffs' advisory opinion request to the agency to allow the Department to issue a new advisory opinion that addresses all relevant legal principles and factors.   This approach would serve judicial economy and accords with judicial review principles under the Administrative Procedure Act ("APA").

The U.S. Court of Appeals for the Fifth Circuit upheld this Court's vacatur of the advisory opinion on the ground that the Department "failed to 'reasonably consider the relevant issues and reasonably explain the advisory opinion" because the advisory opinion did not address two prior advisory opinions and a regulation.  *See Data Marketing P'ship v. U.S. Dep't of Labor*, 45 F.4th 846, 856 (5th Cir. 2022) ("These omissions doom the Department's action.").   Under the Fifth Circuit's reading of "prevailing precedent," this vacatur of the advisory opinion "formally nullif[ied] and revok[ed]" the agency action.  *Id.* at 859.

In the Fifth Circuit, the "default rule" for an agency action set aside under the APA is "remand *with* vacatur."  45 F.4th at 859 (quoting *Texas v. Biden*, 20 F.4th 928, 1000 (5th Cir. 2021), *rev'd and remanded on other grounds*, 213 L. Ed. 2d 956 (June 30, 2022)).   Because a vacated agency action is considered "void," *id.* (quoting *Texas*, 20 F.4th at 957), there is nothing left for judicial review and the ordinary course is to remand to the agency for further administrative action.  Such a remand is warranted here.  The Department should have the opportunity in the first instance to address the omissions the Fifth Circuit found dispositive.  Moreover, remand would not be futile because the opportunity to address those omissions is not a useless formality, and nothing about the Fifth Circuit opinion suggests that only one outcome is possible.

Additionally, the Fifth Circuit's observations about the additional analysis that would be required before this Court could issue a permanent injunction or make a "contrary to law" holding

1

do not preclude this Court from applying the "default rule" of remanding this matter to the Department for issuance of a new advisory opinion.  Indeed, the interpretive questions about "working owners" and "bona fide partners" that the Fifth Circuit sent back to this Court require consideration of numerous statutory and regulatory provisions, including some which involve a "totality-of-the-circumstances analysis."  45 F.4th at 858-59.  These interpretive and fact-specific questions are within the Department's expertise.  It would serve judicial economy to give the Department the opportunity in the first instance to reconsider the questions presented by Plaintiffs' advisory opinion request in light of the Fifth Circuit's guidance.  This Court would be best positioned to resolve any remaining dispute once the Department has analyzed the relevant legal and factual issues.

For these reasons, the Department requests that the Court remand to the agency for issuance of a new advisory opinion.

## BACKGROUND

Between November 2018 and February 2019, one of the named Plaintiffs, LP Management Services LLC ("LPMS"), submitted and later revised a request for an advisory opinion from the Department regarding whether a plan sponsored by a limited partnership and administered by LPMS is an "employee welfare benefit plan" within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1); whether the limited partners in the plan are "participants" within the meaning of ERISA section 3(7); and whether the plan is governed by Title I of ERISA.  *See* Pls.' SJ App. 007, ECF No. 24-2.  In January 2020, the Department issued its advisory opinion, concluding that the partnerships' health benefits administered by LPMS did not qualify as ERISA-covered plans.  *See* Pls.' SJ App. 001, ECF No. 24-2.

Plaintiffs, who had served the initial complaint in this case in December 2019, filed an amended complaint in February 2020 to challenge the advisory opinion under the APA.  *See* ECF

2

Nos. 4, 9.   The parties filed cross-motions for summary judgment, which were considered simultaneously with Plaintiffs' preliminary injunction motion.  *See* Scheduling Order, ECF No. 19.   In September 2020, the Court granted summary judgment to Plaintiffs, setting aside the advisory opinion as "arbitrary and capricious under the APA and contrary to law under ERISA" and permanently enjoining the Department "from refusing to acknowledge the ERISA-status of the Plan or refusing to recognize the Limited Partners as working owners of DMP."  Mem. Op. & Order at 30, ECF No. 37.

On appeal, the U.S. Court of Appeals for the Fifth Circuit "affirm[ed] the district court's vacatur of the agency action" but "vacate[d] and remand[ed] the district court's injunction for further consideration in light of this opinion."  *Data Marketing P'ship v. U.S. Dep't of Labor*, 45 F.4th 846, 851 (5th Cir. 2022).   The Fifth Circuit affirmed this Court's conclusions that the advisory opinion was final agency action reviewable under the APA, *id.* at 853-55, and that the advisory opinion was arbitrary and capricious on the ground that the Department "failed to reasonably consider the relevant issues and reasonably explain the advisory opinion" because the advisory opinion did not address two prior advisory opinions and a regulation that adopted a definition of "working owner."  *Id.* at 855-58; *see also id.* at 856 ("These omissions doom the Department's action.").   On this basis the Fifth Circuit upheld this Court's vacatur of the advisory opinion.  *See id.* at 860.

The Fifth Circuit, however, concluded that this Court misinterpreted *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon* ("*Yates*"), 541 U.S. 1 (2004) "to say that ERISA *always* provides specific guidance for *all* working-owner questions" and thus this Court "did not perform [the] analysis" required by *Yates* to interpret the term "working owner" as applied to the particular circumstances here.  45 F.4th at 858; *see id.* ("[T]he question on remand is whether all of the *Yates*

factors, including the various provisions of ERISA and the IRC, combine to make these particular working owners qualify as plan participants.").  Similarly, with regard to the bona fide partner regulation, the Fifth Circuit concluded that this Court "did not appear to apply a totality-of-the-circumstances inquiry" as required by 29 C.F.R. § 2590.732(d)(2).  *See* 45 F.4th at 859.  For both of these reasons, the Fifth Circuit did not adopt this Court's conclusion that the advisory opinion was "contrary to law because it unreasonably interpreted the applicable statutory and regulatory provisions."  45 F.4th at 853.  The Fifth Circuit also vacated this Court's permanent injunction "without opining on whether such relief might be appropriate" because the injunction "turned on the interpretive questions" that this Court had not analyzed.  *See id.* at 860.

Instead, the Fifth Circuit "frame[d] the relevant interpretive questions for the district court's consideration on remand," 45 F.4th at 855, giving the district court the opportunity "to address certain interpretive questions in the first instance," *id.* at 858, before any permanent injunction could be issued.

The Fifth Circuit's mandate issued on October 11, 2022, *see* ECF No. 43, and based on the parties' joint proposal, the Court entered a Post-Appeal Scheduling Order, providing this opportunity to brief the Department's Motion for Remand to the Agency.  *See* ECF Nos. 46, 47.

## ARGUMENT

## I.   REMAND FOR ADDITIONAL AGENCY ACTION—THE PRIMARY APA REMEDY AFTER VACATUR—IS APPROPRIATE HERE.

In the Fifth Circuit, when an agency action is set aside under the APA, "by default, remand with vacatur is the appropriate remedy."  *Data Marketing P'ship*, 45 F.4th at 859 (quoting *Texas*, 20 F.4th at 1000).  As the Supreme Court explained long ago, "[i]f the record before the agency does not support the agency action [or] if the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation

or explanation." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *accord O'Reilly v. U.S. Army Corps of Eng'rs*, 477 F.3d 225, 238-39 (5th Cir. 2007); *BizCapital Bus. & Indus. Dev. Corp. v. Comptroller of Currency of U.S.*, 467 F.3d 871, 873 (5th Cir. 2006); *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 905 (5th Cir. 1983). *See also FPC v. Idaho Power Co.*, 344 U.S. 17, 20 (1952) (observing that "function of the reviewing court ends when an error of law is laid bare. At that point the matter once more goes to the [agency] for reconsideration").

This approach respects the role of administrative agencies and the nature of judicial review under the APA. "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Florida Power & Light*, 470 U.S. at 743-44. In reviewing a challenge to the agency's decision, "[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Luminant Generation Co., LLC v. EPA*, 714 F.3d 841, 850 (5th Cir. 2013) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). As recently summarized in a ruling in this judicial district, the district court's role in an APA case is thus a form of appellate review:

> When a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. *See, e.g., Redeemed Christian Church of God v. United States Citizenship & Immigration Servs.*, 331 F. Supp. 3d 684, 694 (S.D. Tex. 2018). The entire case on review is a question of law. *See id.* "Under the APA, it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* (internal quotation marks omitted). "Summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency's action is supported by the administrative record and consistent with the APA standard of review." *Am. Stewards of Liberty v. United States Dep't of Interior*, 370 F. Supp. 3d 711, 723 (W.D. Tex. 2019) (internal quotation marks omitted).

*Whitestar Distributors, Inc. v. Cuccinelli*, No. 3:20-CV-970-K-BN, 2020 WL 6120470, at *4 (N.D. Tex. Sept. 29, 2020), *report and recommendation adopted*, 2020 WL 6064357 (N.D. Tex. Oct. 14, 2020); *accord Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001); *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1564, 1579-80 (10th Cir. 1994); *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769-70 (9th Cir. 1985).  Under this framework, remand allows the agency to exercise its expertise and avoids a court "substitut[ing] its judgment for that of the agency."  *See Sea Robin Pipeline Co. v. FERC*, 127 F.3d 365, 369 (5th Cir. 1997); *Reaves v. U.S. Small Bus. Admin.*, 403 F. Supp. 3d 561, 566 (N.D. Tex. 2019).

Accordingly, courts routinely remand matters to agencies for further consideration of relevant legal standards or for further explanation.  *See, e.g.*, *Arulnanthy v. Garland*, 17 F.4th 586, 599 (5th Cir. 2021) ("A remand order is consistent with 'well-established principles of administrative law' and will enable the [agency] to 'evaluate the evidence' and 'make an initial determination' so a court can 'later determine whether its decision exceeds the leeway the law provides.'" (quoting *INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002))); *Sanchez-Lopez v. Barr*, 823 F. App'x 293, 294 (5th Cir. 2020) ("We therefore remand the case to the agency so that it may apply the proper standard in the first instance."); *Sylejmani v. Sessions*, 729 F. App'x 317, 322 (5th Cir. 2018) ("We recognize that when the [agency] issued its decision, we had not yet decided [a relevant case] and thus had not set forth a particular standard . . . . We therefore remand this case to the agency so that it may apply the proper standard in the first instance."); *Ali v. Lynch*, 814 F.3d 306, 315 (5th Cir. 2016) (vacating agency action and remanding to agency where agency "did not give full consideration to the statutory question presented," including agency precedent and regulations); *Knapp v. U.S. Dep't of Agric.*, 796 F.3d 445, 459 (5th Cir. 2015) ("The appropriate remedy here is remand for the agency to better explain its decision."); *Reaves*, 403 F. Supp. 3d at

568-69 ("[T]he Court finds it appropriate to remand for additional findings, as the agency is most suited to address the issues raised by Plaintiff, and it has not fully addressed each of the issues she raised.").  Indeed, where the Fifth Circuit has deviated from this approach, it has been reversed by the Supreme Court.  *See, e.g.*, *Gonzales v. Thomas*, 547 U.S. 183, 187 (2006) ("We can find no special circumstance here that might have justified the [court's] determination of the matter in the first instance. Thus, as in [*INS v. Orlando*] *Ventura*, the Court of Appeals should have applied the 'ordinary "remand" rule.'" (quoting *Orlando Ventura*, 537 U.S. at 18)).

Here, the sole basis on which the Fifth Circuit upheld the vacatur of the advisory opinion was the Department's failure to address two other advisory opinions and a relevant regulation.  *See* 45 F.4th at 856 (holding that the Department "failed to 'reasonably consider the relevant issues and reasonably explain' the advisory opinion" which "omissions doom the Department's action"). These are precisely the sorts of omissions that justify a remand for further agency consideration under *Florida Power & Light* and its progeny.  *See, e.g.*, *Florida Power & Light*, 470 U.S. at 744 (holding that remand is the proper course "if the agency has not considered all relevant factors"); *O'Reilly*, 477 F.3d at 240 (5th Cir. 2007) (addressing "flaws in the [agency's] methodology that render its ultimate conclusion unreliable and that therefore warrants remand to the agency"); *BizCapital*, 467 F.3d at 873 ("remand is usually required" where agency "never applied the facts pertinent to [plaintiff's] request against the factors in the [agency's] regulations").

Moreover, without a remand, the Department would have no opportunity to consider and explain the interaction of the Department's own regulations and interpretations.  The Department's efforts to address the omitted advisory opinions and the regulation in this litigation were rejected as "impermissible *post hoc* rationalizations" because they were not "made in the final agency action itself and thus [were not] 'contemporaneous explanations.'"  *Data Marketing,* 45 F.4th at

857-58.  Rather, remand is the appropriate method for an agency to address issues that it could not

clarify with litigation filings.  *See, e.g.*, *El Paso Elec. Co. v. FERC*, 832 F.3d 495, 507 (5th Cir.

2016) (disregarding certain arguments as "post hoc rationalizations" and holding that "[i]f FERC

views the [factor] . . . as a reasonable justification for its actions, it must more fully explain that

logic on remand"); *Amanda J. v. Saul*, No. 3:19-CV-1016-B, 2020 WL 4697880, at *4 (N.D. Tex.

Aug. 13, 2020) (disregarding "two post-hoc justifications" and remanding to agency for further

proceedings).

Remand would also serve judicial economy.  Without a remand, the administrative record

would contain only Plaintiffs' request, as revised in February 2019—which does not contain some

of the factual representations that plaintiff has made in district court and on appeal,[1] and which

presents the legal issues quite differently than Plaintiffs' approach at various stages of the lawsuit.

It is especially important to clarify the administrative record where Plaintiffs are seeking to

*permanently* enjoin the Department from refusing to recognize the ERISA status of their

partnership plans.  An opportunity for Plaintiffs to confirm or clarify the facts to the Department

in light of all of the developments over the last three years would and allow the Department to

engage with Plaintiffs' request and legal arguments in full.  Any subsequent judicial review, if

needed, would benefit from more crystalized issues.

## II.    REMAND WOULD NOT BE FUTILE.

This is not one of the "rare circumstances" where "remand to the agency for additional

investigation or explanation" is unwarranted.  *See BizCapital*, 467 F.3d at 873 (quoting *Florida*

*Power & Light*, 470 U.S. at 744).  The Fifth Circuit has not specified what qualifies as such a "rare

---

[1] *See, e.g.*, Johnson Decl. ¶ 15, ECF No. 24-2 at 59 (asserting that "limited partner agrees to
contribute more than five hundred (500) hours of work per year," which was not stated in
advisory opinion request).

circumstance."  In *BizCapital*, the court rejected the argument that remand would be "an idle and useless formality" because "the agency will inevitably adhere to its prior decision."  467 F.3d at 874.  Instead, the Fifth Circuit concluded that the agency, after conceding a legal position, would "be required to review [plaintiff's] request based on the factors in its regulation."  *Id.*  And even if the agency "is likely to deny the request after properly applying its regulations," that "does not render remand a mere formality."  *Id.* (citing *FEC v. Akins*, 524 U.S. 11, 25 (1998) ("If a reviewing court agrees that the agency misinterpreted the law, it will set aside the agency's action and remand the case—even though the agency (like a new jury after a mistrial) might later, in the exercise of its lawful discretion, reach the same result for a different reason.").

Here, there is no basis to suggest that the Department's review on remand would be a "mere formality."  Instead, the Department would address the other advisory opinions and regulation that the Fifth Circuit found had been omitted, would analyze the statutory scheme to interpret "working owner" in the way that the Fifth Circuit held *Yates* required, and would apply the totality-of-the-circumstances analysis required for identifying "bona fide partners."  The Department would also consider any clarifying or updated information that Plaintiffs would submit, in light of the passage of time and the Fifth Circuit's clarified legal standards.

On appeal in this case, Plaintiffs suggested that there should be no remand to the agency on the basis of "futility," claiming that the "district court's answer to [the] determinative question is the only correct one."  *See* Appellees' Br. at 49-51, *Data Marketing P'Ship v. U.S. Dep't of Labor*, No. 20-11179, 2021 WL 2582448, at *49-*51 (5th Cir. June 15, 2021).  However, most courts have found that a remand would be futile only when *upholding* correct agency conclusions, akin to a harmless error ruling.  *See, e.g.*, *Ports Am. Louisiana, Inc. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Labor*, 714 F. App'x 398, 401 (5th Cir. 2018) (characterizing *NLRB v.*

*Wyman-Gordon Co.*, 394 U.S. 759, 766 (1969) as "stating that remand would be 'an idle and useless formality' when the substance of the agency decision was correct").[2]  Indeed, the very decision in which Plaintiffs root their argument held that "remand would be futile, and is therefore not required, where there is *no* basis in fact to support the [agency's action] on *any* valid ground." *Watson v. Geren*, 569 F.3d 115, 118 (2d Cir. 2009) (emphasis added).[3]  Even if *Watson* were controlling in the Fifth Circuit, it would not justify rejecting a remand here.  The Second Circuit's decision depended on the nature of the legal issue about conscientious objectors—the district court's role was to "merely determine[] if there was *any* objective evidence to support the agency's

---

[2] *See also Zero Zone, Inc. v. U.S. Dep't of Energy*, 832 F.3d 654, 682 (7th Cir. 2016) ("[I]f we are sure that the agency would if we remanded the case reinstate its decision—if in other words the error in its decision was harmless—a reversal would be futile."); *Lake Carriers' Ass'n v. E.P.A.*, 652 F.3d 1, 10 & n.10 (D.C. Cir. 2011) (collecting cases supporting holding that "we decline to remand to require EPA to do a futile thing"); *Ibarra v. Swacina*, 628 F.3d 1269, 1270 (11th Cir. 2010) ("[B]ecause the immigration judge has exclusive jurisdiction over Ibarra's adjustment of status application, remand to the USCIS would be futile at this point."); *Fogg v. Ashcroft*, 254 F.3d 103, 111–12 (D.C. Cir. 2001) (holding that "remand would be futile" and "[o]nly one conclusion would be supportable" where, despite legal error, agency "was correct in its ultimate conclusion"); *All Indian Pueblo Council v. United States*, 975 F.2d 1437, 1443 (10th Cir. 1992) ("To reverse now and remand to the district judge for him to remand to the agency to consider these legal issues we are prepared to decide would be an exercise in futility—one not in accord with 'the rule of prejudicial error'" because plaintiffs were not prejudiced by procedural error); *Fla. Dep't of Lab. & Emp. Sec. v. U.S. Dep't of Labor*, 893 F.2d 1319, 1324 (11th Cir. 1990) (holding that "remand would be pointless" because agency "decision must be affirmed" on agency's alternative basis for decision and "the rule in [*SEC v.*] *Chenery* has not required courts to remand in futility").

[3] Moreover, four judges objected to that holding.  *See Watson v. Geren*, 587 F.3d 156, 160-61 (2d Cir. 2009) (Raggi, J., joined by three judges, dissenting from denial of en banc review) ("To justify its departure from the remand rule . . . *Watson* invokes the doctrine of 'futility.' Heretofore, our court has applied 'futility' to affirm agency decisions where we could confidently conclude that the agency would reach the same result in the absence of the identified error. . . . Such application, akin to harmless error review, finds support in the [APA], which instructs courts to take 'due account ... of the rule of prejudicial error' when reviewing agency action. 5 U.S.C. § 706. There is no comparable support for using 'futility' as *Watson* does to reverse a challenged agency action without allowing it to correct an identified procedural omission of explanation. Such an application of the futility doctrine upsets the balance of authority between the executive and judicial branches that underlies the remand rule." (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) and *Fed. Power Comm'n*, 344 U.S. at 20)).

10

determination" and it "found that there was no objective fact to support denial of the application on any valid ground." 569 F.3d at 130. Here, by contrast, the Fifth Circuit has recognized that applying the key statutory terms to the facts Plaintiffs propose depends on a searching inquiry of the statutory and regulatory scheme and a balancing of the totality of the circumstances. *See Data Marketing*, 45 F.4th at 858 (requiring an examination into "all four titles of ERISA and the Internal Revenue Code" to determine whether limited partners are "working owners"); *id.* at 859 ("In essence, the regulation commands a totality-of-the-circumstances analysis" to identify "bona fide partners"). This should be left to the agency in the first instance in light of the clarified legal standards.

Moreover, this Court's September 2020 determination has not been established as "the only correct one." Appellees' Br. at 50. The Fifth Circuit did not adopt this Court's conclusion that the advisory opinion was "contrary to law because it unreasonably interpreted the applicable statutory and regulatory provisions." 45 F.4th at 853. Instead, the Fifth Circuit vacated and remanded that portion of this Court's decision because significant additional analysis under the *Yates* framework and under 29 C.F.R. § 2590.732(d)(2)'s totality-of-the-circumstances inquiry is required. *See* 45 F.4th at 858-60. With the agency's action vacated for failure to consider relevant factors, a remand for the agency to consider all of the relevant issues in the first instance is the most appropriate and practical step. *See, e.g.*, *O'Reilly*, 477 F.3d at 240 ("Since that possibility [that the agency's conclusion was correct] has not been entirely foreclosed, the proper remedy under this court's precedents is to remand the case to the agency to correct the deficiencies in its analysis." (quotation marks omitted)).

### III.    THE FIFTH CIRCUIT'S DECISION DOES NOT MAKE REMAND UNWARRANTED.

Finally, the Fifth Circuit's remand to this Court does not make further remand to the Department inappropriate.  The Fifth Circuit declined to adopt this Court's holding that the advisory opinion was "contrary to law because it unreasonably interpreted the applicable statutory and regulatory provisions," 45 F.4th at 853, and instead vacated and remanded that portion of the Court's decision while "fram[ing] the relevant interpretive questions for the district court's consideration on remand."  *Id.* at 855; *id.* at 858 (remanding the interpretation of "two relevant terms").  The Fifth Circuit also vacated the permanent injunction "without opining on whether such relief might be appropriate" because it "turned on the interpretive questions that the district court must further address on remand."  *Id.* at 860.

While the Fifth Circuit held that further analysis would be required before the Court could make a "contrary to law" ruling or issue a permanent injunction, the Fifth Circuit's opinion does not foreclose the ordinary remedy of remand to the agency to apply all relevant legal principles to the facts in the first instance.  Indeed, the Fifth Circuit quoted its own caselaw stating that "[b]y default, remand *with* vacatur is the appropriate remedy."  45 F.4th at 859 (quoting *Texas*, 20 F.4th at 1000).  Thus, the Fifth Circuit's statements about what this Court "may," *id.* at 858, or "must," *id.* at 860, do on remand refer only to what analysis is necessary before any further rulings on the merits or any further relief is granted.  Here, any such further rulings or relief should come only after a remand to the agency.

This Court retains its authority to manage this case, including the responsibility to apply this Circuit's "default rule" of post-vacatur remand to the agency in the absence of "rare

circumstances" requiring an exception.[4]  Because the advisory opinion has been vacated, there is

no need for a judicial ruling on whether the now-vacated opinion is also contrary to law.  Nor

would it serve judicial economy for this Court to engage in the extensive additional analysis

required to weigh the appropriateness of a permanent injunction where any such analysis could

more appropriately occur after the Department reconsiders Plaintiffs' request in light of the court

rulings.   After all, a permanent injunction "is a drastic and extraordinary remedy, which should

not be granted as a matter of course" and must "have [a] meaningful practical effect independent

of [the agency action's] vacatur." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165

(2010); *see also Franciscan Alliance, Inc. v. Azar*, 414 F. Supp. 3d 928, 946 (N.D. Tex. 2019)

(vacating and remanding agency action and "conclud[ing] that issuance of an injunction would not

have a 'meaningful practical effect independent of its vacatur'").[5]  And a permanent injunction

would be inappropriate where remand is needed to apply the appropriate legal standard to the facts.

*See, e.g.*, *Bridge v. U.S. Parole Comm'n*, 981 F.2d 97, 104 (3d Cir. 1992) ("A district court,

however, may not ordinarily freeze the [agency's] record and prevent it from admitting new

evidence on remand" because under a "guiding principle of administrative law" "legal error in an

---

[4] Indeed, this Court has previously applied its discretion to permit a voluntary remand to an agency, even before a decision on the merits. *See Franciscan Alliance, Inc. v. Price*, No. 7:16-CV-00108-O, 2017 WL 3616652, at *3 (N.D. Tex. July 10, 2017) (addressing "federal court . . . discretion to grant the agency's motion for a voluntary remand of the matter in order to permit the agency to reconsider its decision, even before any judicial consideration of the merits"). While the Department is not resting on the voluntary remand standard, this illustrates the breadth of district courts' authority to permit remands.

[5] In prior briefing, Plaintiffs articulated no reason a permanent injunction could be needed at this point in time given the vacatur of the advisory opinion, apart from concern about whether *state regulators* will attempt to investigate Plaintiffs' plans, *see, e.g.*, Pls.' Consolidated Reply at 47-50, ECF No. 30; Appellees' Br. at 53, 57; which cannot be remedied by an injunction binding the *Department*.

agency decision does not prevent the agency from expanding its record and rethinking its original order").

In sum, the Court should apply the Fifth Circuit's default rule and remand this matter to the Department because there is no need for an additional ruling on the merits or a permanent injunction.

## IV.   THE DEPARTMENT COULD ISSUE A NEW ADVISORY OPINION WITHIN A REASONABLE TIME.

In general, a remand to an agency simply directs "further proceedings consistent with" the Court's rulings. *See, e.g.*, *MRC Energy Co. v. U.S. Citizenship & Immigr. Servs.*, No. 3:19-CV-2003-K, 2021 WL 1209188, at \*12 (N.D. Tex. Mar. 31, 2021) ("This matter will be remanded to [the agency] for further proceedings consistent with this Memorandum Opinion and Order."); *Franciscan Alliance*, 414 F. Supp. 3d at 945 ("[T]he Court VACATES and REMANDS the unlawful portions of the Rule for Defendants' further consideration in light of this opinion and the Court's December 31, 2016 Order.").

Here, however, in order to assuage Plaintiffs' concerns about potential delay or inaction that led them to file the original complaint in this case, *see* Compl., ECF No. 1,[6] if remand is granted, the Department can commit to issuing a new advisory opinion within a reasonable time

---

[6] This acknowledgment of Plaintiffs' concern is not a concession that there was anything improper about the Department issuing its advisory opinion within fourteen months of Plaintiffs' initial request. Such requests for discretionary relief are not reviewable under the APA. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("[A] claim under [5 U.S.C.] § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take."). Nor is such timing inherently unreasonable. *See, e.g.*, *In re Calif. Power Exch. Corp.*, 245 F.3d 1110, 1125 (9th Cir. 2001) (surveying unreasonable delay cases and concluding "[t]he cases in which courts have afforded relief have involved delays of years, not months."); *Alsharqawi v. Gonzales*, No. 3:06 CV 1165 N, 2007 WL 1346667, at \*4 (N.D. Tex. Mar. 14, 2007) (finding "delay of nearly four years to be unreasonable" and collecting cases).

after receiving any supplemented/clarified request from Plaintiffs, including time sufficient to allow (if necessary) for discussion among the parties and for the Department to request additional clarifying information.  The Department proposes that the parties submit a status report every 90 days regarding the status of the parties' actions under the remand.

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that the Court remand this matter to the Department so that a new advisory opinion can be issued in light of the Fifth Circuit's decision.  A proposed order in Word format will be submitted by email to the Court's "orders" email address.

Dated:  December 30, 2022                  Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRAD P. ROSENBERG
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Galen N. Thorp*
GALEN N. THORP (VA Bar # 75517)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-4781 / Fax: (202) 616-8460
galen.thorp@usdoj.gov

*Counsel for Defendants*

15

CERTIFICATE OF SERVICE

On December 30, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served the parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Galen N. Thorp*
GALEN N. THORP
