**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION**

| | |
|---|---|
| DATA MARKETING PARTNERSHIP, LP, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 4:19-cv-00800-O ) |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) ) ) |
| Defendants. | ) ) ) |

# BRIEF IN OPPOSITION TO MOTION FOR REMAND TO AGENCY

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... i

TABLE OF AUTHORITIES ........................................................................................ ii

I.      INTRODUCTION .................................................................................. 1

II.     PROCEDURAL HISTORY.................................................................... 1

     A.     ADVISORY OPINION ............................................................. 1

     B.     FIRST DISTRICT COURT ORDER............................................. 2

     C.     FIFTH CIRCUIT OPINION AND MANDATE ............................. 2

III.    ARGUMENT ......................................................................................... 3

     A.     PROCEDURAL POSTURE: ANY ARGUMENT FOR REMAND HAS BEEN WAIVED ....... 4

           1.     Waiver Rule ............................................................. 4

           2.     DOL Never Moved for Remand Waiver Rule ........... 5

           3      Case Law Cited by DOL is Inapposite Waiver Rule ....... 6

     B.     LANGUAGE OF FIFTH CIRCUIT OPINION IMPLICITLY REJECTED CONDITIONS FOR REMAND WAIVER RULE ....... 7

           1.     Fifth Circuit Analysis ............................................. 7

           2.     Case Law Cited by DOL is Inapposite Waiver Rule ....... 8

     C.     FIFTH CIRCUIT IMPLICITLY REJECTED ARGUMENTS NOW ADVANCED AGAINST PERMANENT INJUNCTION ....... 9

           1.     Fifth Circuit Implicitly Recognized Permanent Injunction Can be An Appropriate Remedy Here ....... 9

           2.     Case Law Cited by DOL is Inapposite ................... 10

     D.     LIMITED SCOPE OF FIFTH CIRCUIT REMAND ENCOMPASSES ONLY INJUNCTIVE RELIEF ....... 10

     E.     FIFTH CIRCUIT'S MANDATE DOES NOT ENCOMPASS ALTERNATIVE REMEDIES .... 10

           1.     Mandate Rule ......................................................... 10

           2.     Mandate Rule Requires that this Court Address the Issues Remanded Fifth Circuit ....... 11

     F.     REMAND WOULD BE FUTILE AS TO "WORKING OWNER" ANALYSIS..................... 12

     G.     REMAND WOULD BE FUTILE AS TO "BONA FIDE PARTNER" ANALYSIS ................. 13

           1.     *Motion for Remand* is Silent on *Auer* Deference ..................... 13

           2.     DOL Forfeited any Argument for *Auer* Deference................ 14

           3.     Without *Auer* Deference Remand Would be Futile ................. 14

IV.    CONCLUSION........................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page**

*Ali v. Lynch*, 814 F.3d 306 (5th Cir. 2016) ............................................................... 6, 8

*Amanda J. v. Saul*, No. 3:19-cv-1016-B, 2020 WL 4697890
(N.D.Tex. Aug. 13, 2020) ........................................................................................ 7, 9

*Arulnanthy v. Garland*, 17 F.4th 586 (5th Cir. 2021) ................................................. 6, 8

*Auer v. Robbins*, 519 U.S. 452 (1997) ......................................................................... 13

*Ball v. LeBlanc*, 881 F.3d 346 (5th Cir. 2018) ............................................................. 11

*BizCapital v. Comptroller of Currency of U.S.,* 467 F.3d 871 (5th Cir. 2006) .................... 6, 7, 14

*Bowers v. Abundant Home Health, LLC*, No. 3:16-cv-1314-C, 2021 WL 706783
(N.D.Tex. Jan. 25, 2021) ............................................................................................ 6

*Bridge v. U.S. Parole Comm'n*, 981 F.2d 97 (3rd Cir. 1992) ...................................... 10

*Brown v. Bridges*, No. 3:12–cv–4947–P, 2014 WL 2777373
(N.D.Tex. June 19, 2014) ........................................................................................... 1

*Cantarero-Lagos v. Barr*, 924 F.3d 145 (5th Cir. 2019) ............................................ 14

*Carducci v. Regan*, 714 F.2d 171 (D.C. Cir. 1983) ...................................................... 4

*Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529 (5th Cir. 2010) ................. 4

*Collins v. Lew*, No. 4:16-cv-03113, 2022 WL 17170955 (S.D.Tex. Nov. 21, 2022) ............ 11

*Continental Casualty Co. v. Indian Head Indus., Inc.*, 941 F.3d 828 (6th Cir. 2019) ............ 11

*Coury v. Moss*, 529 F.3d 579, 586–87 (5th Cir. 2008) .................................................. 4

*Data Marketing Partnership. LP v. U.S. Dept. of Labor*, 45 F.4th 846 (2022) ......2, 3, 5, 8, 12, 14

*El Paso Electric Co. v. FERC*, 832 F.3d 495 (5th Cir. 2016) ....................................... 6, 8

*Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633 (5th Cir. 2014),
*aff'd*, 579 U.S. 365 (2016) ......................................................................................... 10

*Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985) ......................................... 7, 8

*Franciscan Alliance, Inc. v. Azar*, 414 F.Supp.3d 928 (N.D. Tex. 2019) ..................... 10

*Gen. Universal Sys., Inc. v. HAL, Inc.,* 500 F.3d 444 (5th Cir. 2007) ........................ 10, 11

*Gonzales v. Thomas*, 547 U.S. 183 (2006) ................................................................... 6, 8

*Jones v. Singing River Health Services Foundation*, 742 Fed.Appx. 846 (5th Cir. 2018) ........... 11

*Kiser v. Wilkie*, ___ U.S. ___, 139 S.Ct. 2400 (2019) .................................................. 12

*Knapp v. U.S. Dept. of Agriculture*, 796 F.3d 445 (5th Cir. 2015) ............................. 6, 7, 9

*Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171 (6th Cir. 2004) ............................. 13

*Mass. Mut. Life Ins. Co. v. U.S.*, 782 F.3d 1354 (Fed. Cir. 2015) ............................... 14

*Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139 (2010) ..................................... 10

**Cases**                                                                    **Page**

*Narlock v. Comm'r of Social Security*, No. 1:11–cv–001, 2012 WL 651685
(W.D.Mich. Feb. 28, 2012) ................................................................................. 5

*NLRB v. Wyman- Gordon Co.,* 394 U.S. 759 (1969) .................................................... 13

*O'Reilly v. U.S. Corps. of Engineers*, 477 F.3d 225 (5th Cir. 2007) .......................... 7, 9

*Overton v. Wilkie*, 30 Vet App. 257, 265 (2018) ........................................................ 14

*Pacific Coast Federation of Fisherman's Associations v. Raimondo*,
20-cv-00431-DAD-EPG, 2022 WL 789122 (E.D.Cal. March 11, 2022) ................... 7

*Passamaquoddy Tribe v. Maine*, 75 F.3d 784 (1st Cir. 1996) ....................................... 12

*Raymond B. Yates, M.D. P.C. Profit Shar. Plan v. Hendon*, 541 U.S. 1 (2004) ................... 3,12

*Reaves v. U.S. Small Business Admin.,* 403 F.Supp.3d 561 N.D.Tex. 2019) ........................ 7, 9

*Sanchez-Lopez v. Barr*, 823 Fed.Appx. 293 (5th Cir. 2020) ...................................... 6, 8

*SKF USA, Inc. v. U.S.*, 254 F.3d 1022 (D.C.Cir. 2001) ................................................ 5

*Sylejmani v. Sessions*, 729 Fed.Appx. 317 (5th Cir. 2018) ...................................... 6, 8

*Texas v. Biden*, 554 F.Supp.3rd 818, 829, 853-56 (N.D.Tex. 2021) ............................ 5

*Texas v. Biden*, ___F.Supp.3d ___; 2022 WL 17718634 (N.D.Tex. Dec. 15, 2022) ................. 11

*Texas v. Biden*, 20 F.4th 928, 1000 (5th Cir. 2021), rev'd and remanded on
other grounds, 142 S.Ct. 2528 (2022) ....................................................................... 5

*U.S. v. Jaramillo*, 156 F.3d 1245 (10th Cir. 1998) ..................................................... 9

*U.S. v. Lanzotti*, 205 F.3d 951 (7th Cir. 2000) ........................................................... 4

*U.S. v. Lee*, 358 F.3d 325 (5th Cir. 2004) ................................................................. 11

*Utility Solid Waste Activities Group v. EPA*, 901 F.3d 414 (D.C.Cir. 2018) ............... 7

*Wachovia Bank, NA. v. Burke*, 414 F.3d 305 (2nd Cir. 2005) ...................................... 13

*Washington Post Co. v. U.S. Dep't of Health and Human Servs.*,
795 F.2d 205 (D.C. Cir. 1986) ................................................................................. 6

**Regulations**

29 C.F.R. § 2590.732(d)(2) ........................................................................... 3, 12, 13, 14

iv

## I.    INTRODUCTION

Three years of litigation have seen this dispute go from this Court to the Fifth Circuit, and now back to this Court. For the first time, the U.S. Department of Labor ("DOL") has moved to remand to the agency [Doc. 48] (the "Motion for Remand"). Borrowing words used before by this Court, this motion is "too little, too late*." See, e.g., Brown v. Bridges*, No. 3:12–cv–4947–P, 2014 WL 2777373 at *2 (N.D.Tex. June 19, 2014).

The motion is "too little" because it promises nothing. For three years, the DOL staunchly defended Advisory Opinion 2020-01A ("Advisory Opinion"), an opinion which this Court and the Fifth Circuit found to be "arbitrary and capricious." The DOL offers no promise it will do any better on remand, much less a promise it will reverse course and issue a new opinion in accordance with this Court's Sept. 28, 2020 *Memorandum Opinion and Order* [Doc. 38].

The motion is "too late" because the DOL has already lost its ability to take further action as to the Advisory Opinion. Before this matter returned to this Court, both this Court and the Fifth Circuit ordered vacatur of the Advisory Opinion *without* remand to the agency. The Fifth Circuit rejected the DOL's arguments against a permanent injunction, and instead implicitly recognized a permanent injunction to be an appropriate remedy, provided this Court can answer two questions in a manner favorable to Plaintiffs. The avenues available to the DOL to challenge the Fifth Circuit's mandate – rehearing and certiorari – were never pursued. At this late juncture, no argument by the DOL can revive a remedy which has already been judicially foreclosed.

For these reasons, which are explained further below, remand to the DOL must be denied.

## II.    PROCEDURAL HISTORY
### A.    ADVISORY OPINION

In response to a request by Plaintiffs, and a suit filed in this Court, the DOL issued the Advisory Opinion. The Advisory Opinion addressed the issue of whether a plan sponsored by a

limited partnership and administered by Plaintiffs is a single employer plan covered by the Employee Retirement Income Security Act ("ERISA"). The Advisory Opinion concluded the plan was not covered by ERISA.

### B. FIRST DISTRICT COURT ORDER

Thereafter, Plaintiffs amended pleadings in this Court to seek vacatur and injunctive relief regarding the Advisory Opinion [Doc. 9].

On Sept. 28, 2020, this Court entered a Memorandum Opinion and Order. The Order vacated the Advisory Opinion "as arbitrary and capricious under the [Administrative Procedure Act] as contrary to law under ERISA" [Doc. 38] The Order also permanently enjoined the DOL "from refusing to acknowledge the ERISA-status of the Plan or refusing to recognize the Limited Partners as working owners of" Data Marketing.

The DOL did not file a motion for reconsideration requesting remand to the agency. Instead, the DOL appealed to the Fifth Circuit [Doc. 40].

### C. FIFTH CIRCUIT OPINION AND MANDATE

On August 17, 2022, the Fifth Circuit issued a mandate which provided:

> "IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED IN PART, VACATED IN PART and REMANDED to the District Court for further proceedings in accordance with the opinion of this Court."

The part of the District Court's judgment affirmed by this mandate was the vacatur of the DOL's advisory opinion. In this regard, the Fifth Circuit opined:

> "The default rule is that vacatur is the appropriate remedy." [Citations omitted]. The [DOL] makes no developed argument that the district court abused its discretion in following the default rule so the [DOL] forfeited the argument. [citations omitted] We therefore uphold the court's vacatur."

*Data Marketing Partnership. LP v. U.S. Dept. of Labor*, 45 F.4th 846, 859-60 (2022).

The part of the District Court's judgment remanded for further proceedings by this mandate related to the permanent injunction as to the DOL's advisory opinion. In this regard, mandate was

remanded "so that the *district court* may address certain interpretive questions in the first instance [emphasis added]" as to two relevant terms in the advisory opinion: "(1) 'working owner' and (2) 'bona fide partners.'" *Id*. at 858.

Citing *Raymond B. Yates, M.D. P.C. Profit Shar. Plan v. Hendon*, 541 U.S. 1 (2004), the question remanded to the "district court" as to the term "working owner" is "whether all of the *Yates* factors, including the various provisions of ERISA and IRC, combine to make these particular working owners qualify as plan participants." *Data Marketing Partnership, LP*, 45 F.4th at 858.

Citing 29 C.F.R. § 2590.732(d)(2), the Fifth Circuit remanded two questions to the "district court" as to the term "bona fide partners." First, the Fifth Circuit found that the "district court did not appear to apply a totality-of the-circumstances inquiry", as required by the regulation; the Court thus also stated "we believe it best to remand for the *district court* to apply the totality-of-the-circumstances inquiry in the first instance [emphasis added]." *Id*. at 859. The Fifth Circuit also instructed: "On remand, the *district court* should also consider whether the [DOL's] interpretation of the regulation warrants *Auer* deference or whether the [DOL] forfeited the argument for such deference [emphasis added]." *Id*.

The part of the District Court judgment vacated by this mandate was the permanent injunction. In this regard, the Fifth Circuit opined: "This injunction … turned on the interpretive questions that the *district court* must further address on remand [emphasis added]." *Id*. at 860. The Court added: "So we vacate this injunction without opining on whether such relief might be appropriate." *Id.*

## III. ARGUMENT

Contrary to the DOL's assertion, the Fifth Circuit's opinion here unequivocally "foreclose[s] the ordinary remedy of remand to the agency to apply all relevant legal principles to

3

the facts in the first instance." [*Motion for Remand* (Doc. 48) p. 12]. This foreclosure flows from (1) the procedural posture of this case after three years of litigation, (2) the language of the Fifth Circuit opinion explicitly remanding the two definitional questions to this Court, and not to the DOL, for further consideration; 3) the mandate rule, which restricts the jurisdiction of this Court and obliges the Court to adhere to the explicit and unambiguous order of the Fifth Circuit regarding remand; 4) the language of the Fifth Circuit opinion, implicitly rejecting the conditions for agency remand, (5) the language of the Fifth Circuit opinion implicitly rejecting the arguments against a permanent injunction, and explicitly stating that the Circuit did not find a permanent injuction to be unwarranted, should this Court's findings on remand so warrant; (6) the limited scope of the Fifth Circuit remand, which encompasses only injunctive relief, (7) the futility of remanding an interpretation of case law to a federal agency which has already made its flawed analysis and antagonistic posture toward Plaintiffs and their business model clear; and (8) the futility of remanding an interpretation of a federal regulation to which *Auer* deference has already been forfeited.

### A.  PROCEDURAL POSTURE: ANY ARGUMENT FOR REMAND HAS BEEN WAIVED
#### 1.  WAIVER RULE

"The premise of our adversarial system is that [federal] courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983). A party requesting relief is obligated to explain why the court should do as it asks. See e.g., *Coury v. Moss*, 529 F.3d 579, 586–87 (5th Cir. 2008); *U.S. v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000)("It is not this court's responsibility to research and construct the parties' arguments."). In practical terms, a party must develop its arguments with citations to law and record evidence. In turn, the court will hear those arguments and make a decision. This division of responsibility finds itself in

our adversarial system, which cannot function unless the parties present well-developed arguments supported by authority and record evidence. *Carducci*, 714 F.2d at 177.

When a party abandons its obligation to develop its argument, it waives that argument. *See e.g., Coury*, 529 F.3d at 586–87. "The general rule of [the Fifth Circuit] is that arguments not raised before the district court are waived and will not be considered on appeal." *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010).

## 2. DOL NEVER BEFORE MOVED FOR REMAND

Upon Plaintiffs' initial challenge to the Advisory Opinion in this Court, a motion for remand to the DOL to reconsider its position was certainly an available option. *SKF USA, Inc. v. U.S.*, 254 F.3d 1022, 1028 (D.C.Cir. 2001). No such motion for remand was ever filed with this Court by the DOL. Even before this case reached the Fifth Circuit, therefore, the DOL had waived any request for remand to it. *See Narlock v. Comm'r of Social Security*, No. 1:11–cv–001, 2012 WL 651685 at *6 (W.D.Mich. Feb. 28, 2012).

Moreover, the only relief sought by DOL in briefing before the Fifth Circuit was that "the judgment of the district court should be reversed" [Docs. 00515804206; 00515936020]; no request was made for remand to the agency as a primary or alternative remedy to reversal.

Neither this Court nor the Fifth Circuit was thus presented with the same remedial options presented in *Texas v. Biden*, 20 F.4th 928, 1000 (5th Cir. 2021), rev'd and remanded on other grounds, 142 S.Ct. 2528 (2022), cited by the DOL. In that case, the district court had remanded the agency action with vacatur rather than remanding without vacatur, as urged by the government. *See Texas v. Biden*, 554 F.Supp.3rd 818, 829, 853-56 (N.D.Tex. 2021). The only two options considered by the Fifth Circuit, therefore, were remand to the agency with vacatur and remand to the agency without vacatur. As between these two options, the Court held "[B]y default, remand *with* vacatur is the appropriate remedy" *Texas v. Biden*, 20 F.4th at 1000.

Instead, the only two remedy options considered by this Court were vacatur, as urged by Plaintiffs, and no vacatur, as urged by the DOL. This Court ordered vacatur. The only two options considered by the Fifth Circuit, therefore, were vacatur and no vacatur. As between these two options, the Fifth Circuit noted "[t]he default rule is that vacatur is the appropriate remedy." *Data Marketing Partnership, LP*, 45 F.4th at 859. It was this default rule which the Fifth Circuit followed in affirming this Court's vacatur order.

At this late juncture, therefore, the Motion for Remand is barred three times over by (1) not initially presenting it in this Court, (2) not raising it before the Fifth Circuit, and (3) presenting it for the first time in this Court after the Fifth Circuit had already entered a judgment of vacatur without remand to DOL. *See Bowers v. Abundant Home Health, LLC*, No. 3:16-cv-1314-C, 2021 WL 706783 at *6 (N.D.Tex. Jan. 25, 2021) ("Because [appellant] failed to raise these arguments previously in the district court and they were found not properly before the Fifth Circuit, they are not properly before this Court on this limited remand"). *See also Washington Post Co. v. U.S. Dep't of Health and Human Servs.*, 795 F.2d 205, 208 (D.C. Cir. 1986) (holding that the district court erroneously allowed federal agency to raise new claims on remand that were not asserted at the original district court proceeding).

### 3. CASE LAW CITED BY DOL IS INAPPOSITE

None of the cases cited by the DOL purports to support the revival of remand to agency as a remedy at this late juncture. None of these cases addressed the option of remand to agency any later than the first court to review the agency action.

In *Gonzales v. Thomas*, 547 U.S. 183 (2006), the issue of remand to agency of a Bureau of Immigration Appeals decision had been addressed below by the Ninth Circuit. In *BizCapital v. Comptroller of Currency of U.S.,* 467 F.3d 871 (5th Cir. 2006), the issue of remand to agency had also been addressed below by the U.S. District Court for the Eastern District of Louisiana.

6

In the remaining cases, remand to agency was ordered by the first federal court to review the federal agency action. *See Ali v. Lynch*, 814 F.3d 306 (5th Cir. 2016) (Bureau of Immigration Appeals); *Arulnanthy v. Garland*, 17 F.4th 586 (5th Cir. 2021) (Bureau of Immigration Appeals); *Sanchez-Lopez v. Barr*, 823 Fed.Appx. 293 (5th Cir. 2020) (Bureau of Immigration Appeals), *Sylejmani v. Sessions*, 729 Fed.Appx. 317 (5th Cir. 2018) (Bureau of Immigration Appeals); *El Paso Electric Co. v. FERC*, 832 F.3d 495 (5th Cir. 2016) (Federal Energy Regulatory Commission); *In Knapp v. U.S. Dept. of Agriculture*, 796 F.3d 445 (5th Cir. 2015) (U.S. Department of Agriculture); *Reaves v. U.S. Small Business Admin.,* 403 F.Supp.3d 561 N.D.Tex. 2019) (Small Business Administration); *Amanda J. v. Saul*, No. 3:19-cv-1016-B, 2020 WL 4697890 (N.D.Tex. Aug. 13, 2020) (Social Security Administration).

In short, none of the cases cited by the DOL supports a "last minute" motion for remand to agency after three years of litigation, as opposed to when this case was first before this Court. *See Pacific Coast Federation of Fisherman's Associations v. Raimondo*, 20-cv-00431-DAD-EPG, 2022 WL 789122 (E.D.Cal. March 11, 2022) ("… the court 'has discretion over whether to remand' and may decline to do so if "the agency's request is frivolous or in bad faith," such as where the request for remand was made at the last minute and was not based on a confession of error but rather on a non-binding statement of policy"). *See also Utility Solid Waste Activities Group v. EPA*, 901 F.3d 414, 436 (D.C.Cir. 2018) ("the EPA has not met its burden of justifying its last-minute request for a remand in this case …").

### B. LANGUAGE OF FIFTH CIRCUIT OPINION IMPLICITLY REJECTED CONDITIONS FOR REMAND

#### 1. FIFTH CIRCUIT ANALYSIS

The DOL cites *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985), which identified three conditions which warrant remand by a federal court to an administrative agency

"except in rare circumstances." *Id*. These three conditions are "the record before the agency does not support the agency action, …the agency has not considered all relevant factors, or … the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it." *Id*. *See also O'Reilly v. U.S. Corps. of Engineers*, 477 F.3d 225, 238-39 (5th Cir. 2007); *BizCapital*, 467 F.3d at 873.

Even if these principles apply to a DOL Advisory Opinion, the Fifth Circuit implicitly determined these three conditions did not exist here. The Court rejected the DOL's justifications for the Advisory Opinion as "impermissible *post hoc* rationalizations." *Data Marketing Partnership, LP*, 45 F.4th at 858. The Court otherwise found the record sufficient to "confirm that the action here is arbitrary and capricious." *Id*. In doing so, the Court rejected any need for remand for "additional investigation or explanation" of the DOL's action. *See, e.g., Florida Power & Light Co.*, 470 U.S. at 744. The "ordinary course" advocated by the DOL before this Court has thus already been considered and rejected by the Fifth Circuit. Significantly, the DOL does not argue here that the Fifth Circuit erred, nor has it sought relief from the Fifth Circuit opinion through a request for rehearing or petition for certiorari to the U.S. Supreme Court.

### 2.   CASE LAW CITED BY DOL IS INAPPOSITE

None of the cases cited by the DOL contradict the Fifth Circuit's analysis here. Unlike the circumstances here, each of these cases involved unfinished business by the federal agency in developing a complete record for judicial review.

In *Gonzales*, the Supreme Court reversed the Ninth Circuit order denying remand to the Bureau of Immigration Appeals because of facts not considered by the agency. *Id*. at 186-7.

In *Ali*, the Fifth Circuit remanded because the Bureau of Immigration Appeals "failed to address and interpret relevant provisions of the" Immigration Nationality Act. *Id*. at 315. In *Arulnanthy,* the Fifth Circuit remanded because of the Bureau of Immigration Appeals' "refusal

to consider … evidence." *Id*. at 599. In *Sanchez-Lopez* and *Sylejmani*, the Fifth Circuit remanded because the Bureau of Immigration Appeals refused to allow the petitioner to present an equitable tolling argument to explain an untimely regulatory motion. *Sanchez-Lopez*, 823 Fed.Appx. at 294; *Sylejmani*; 729 Fed.Appx. at 321-22. In *El Paso Electric Co*., the Fifth Circuit remanded to the Federal Energy Regulatory Commission for "further explanation and fact finding." *Id*. at 510-11. In *Knapp*, the Fifth Circuit remanded to the U.S. Department of Agriculture because the Court could not "reasonably discern the reason for [the agency's] conclusion." *Id*. at 459.  In *O'Reilly*, 477 F.3d at 240, the Fifth Circuit remanded to the U.S. Army Corps. of Engineers because "the administrative record did not contain sufficient information to support the agency's conclusion."

In *Reaves,* this Court remanded to the Small Business Administration to make specific findings on the plaintiff's objections to administrative wage garnishment, namely whether the [agency] violated its own Standard Operating Procedures." *Id.* at 570-1. In *Amanda J*, this Court remanded to the Social Security Administration to properly mention and weigh an expert witness opinion. Id. at *4.

 Here, the Fifth Circuit found no unfinished business of the DOL. Instead, the Court found the record sufficient to order vacatur of the Advisory Opinion.

### C. FIFTH CIRCUIT IMPLICITLY REJECTED ARGUMENTS NOW ADVANCED AGAINST PERMANENT INJUNCTION

#### 1. FIFTH CIRCUIT IMPLICITLY RECOGNIZED PERMANENT INJUNCTION CAN BE AN APPROPRIATE REMEDY HERE

Federal appellate courts "do not remand in futility."  *U.S. v. Jaramillo*, 156 F.3d 1245 at *2 (10th Cir. 1998). Here, a remand by the Fifth Circuit to this Court would be futile, for instance, if it was determined that permanent injunction was an inappropriate remedy in this case. That this case was remanded back to this Court was thus an implicit recognition by the Fifth Circuit that a

permanent injunction is an appropriate remedy, provided this Court answers questions in favor of Plaintiffs on remand.

To the extent the DOL now argues permanent injunction is an inappropriate remedy, regardless of the answers to the questions on remand, such argument has already been made in its briefing to the Fifth Circuit. [Docs. 00515804206; 00515936020]. By remanding to this Court, the Fifth Circuit has already implicitly rejected these arguments. Again, the DOL does not argue here that the Fifth Circuit erred, nor has it sought relief from the Fifth Circuit opinion through a request for rehearing or petition for certiorari to the United States Supreme Court.

### 2. Case Law Cited By DOL is Inapposite

None of the cases cited by the DOL show the Fifth Circuit acted any differently than implied by the remand to this Court. To the contrary, *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139 (2010); *Franciscan Alliance, Inc. v. Azar*, 414 F.Supp.3d 928, 946 (N.D. Tex. 2019); and *Bridge v. U.S. Parole Comm'n*, 981 F.2d 97 (3rd Cir. 1992) are cases simply analyzing the propriety of permanent injunction, a task already accomplished by this Court and the Fifth Circuit.

### D. Limited Scope of Fifth Circuit Remand Encompasses Only Injunctive Relief

The only issues not decided by the Fifth Circuit, and remanded to this Court, relate to the overriding question of whether or not the factual predicate exists in this case for a permanent injunction. The DOL never agreed to such an injunction, nor has it agreed to issue an advisory opinion consistent with the permanent injunction sought by Plaintiffs.

Remand to the DOL is thus not a viable alternative to the permanent injunction sought by Plaintiffs; it does not prevent the agency "from refusing to recognize the Limited Partners as working owners of" Plaintiff. To the contrary, such an alternative simply punts to a later date the

10

issue of whether the factual predicate exists for a permanent injunction here. In this respect, remand to the DOL frustrates judicial economy rather than serves judicial economy, as argued by the DOL.

### E.  FIFTH CIRCUIT'S MANDATE DOES NOT ENCOMPASS ALTERNATIVE REMEDIES
#### 1.  MANDATE RULE

"[T]he mandate rule … compels compliance on remand with the dictates of a superior court." *Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633, 639-40 (5th Cir. 2014), *aff'd*, 579 U.S. 365 (2016). "The mandate rule requires a district court on remand to effect [the] mandate and to do nothing else." *Gen. Univ. Sys., Inc. v. HAL, Inc.,* 500 F.3d 444, 453 (5th Cir. 2007). And on remand, "the district court 'must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.'" *Id*. This is because the "mandate rule is a corollary of the law of the case doctrine"; so, it "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.* And, "the rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example, because they were not raised in the district court." *U.S. v. Lee*, 358 F.3d 325, 321 (5th Cir. 2004). If an appellant fails to brief an issue on the first appeal, that issue is ordinarily waived. *Jones v. Singing River Health Svs. Ftn..*, 742 Fed.Appx. 846, 850 n. 16 (5th Cir. 2018) (citing *Gen. Univ. Sys., Inc*., 500 F.3d at 453).

Upon remand, "district courts need not and do not ordinarily entertain claims 'not within the scope of the remand.'" *Collins v. Lew*, No. 4:16-cv-03113, 2022 WL 17170955 at *4 (S.D.Tex. Nov. 21, 2022) (quoting *Gen. Univ. Sys., Inc*., 500 F.3d at 453). *See also Texas v. Biden*, __F.Supp.3d __; 2022 WL 17718634 at *5 (N.D.Tex. Dec. 15, 2022) ("This Court will not exceed the … Fifth Circuit's mandates"). Where the appellate court remands for further proceedings as to

specific issues, the "court cannot go beyond the scope of the remand and reexamine previously decided issues." *Contl. Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 834 (6th Cir. 2019).[1]

### 2. MANDATE RULE REQUIRES THAT THIS COURT ADDRESS THE ISSUES REMANDED BY FIFTH CIRCUIT

Implementation of the letter and spirit of the Fifth Circuit mandate requires that this Court, and this Court alone, address the questions posed regarding, the terms "working owners" and "bona fide partners." First, the Fifth Circuit's opinion expressly states that the "district court" is to address these questions. There is no mention of any other option available to this Court.

Second, this Court is uniquely qualified, and the DOL is uniquely unqualified, to address one of the questions posed by the Fifth Circuit – whether the [DOL's] interpretation of 29 C.F.R. § 2590.732(d)(2) warrants *Auer* deference or whether the [DOL] forfeited the argument for such deference. Whether and when to afford *Auer* deference to an agency action is the purview of the courts, not the agency itself. *Kiser v. Wilkie*, ___ U.S. ___, 139 S.Ct. 2400, 2415 (2019) ("*Auer* ... gives agencies their due, while allowing – indeed, obligating – courts to perform their reviewing and restraining functions").

To the extent the DOL now suggests this dispute be remanded to the agency, this option is thus both expressly and implicitly foreclosed by the Fifth Circuit mandate. Such remand is expressly foreclosed by the instruction that this Court address the relevant questions. Such remand is implicitly foreclosed by the substance of a question which can only be addressed by this Court. The mandate rule simply does not allow this Court to (1) delegate what is a legally non-delegable responsibility, or (2) cherry pick which parts of the mandate to follow and which parts to ignore.

---

[1]Exceptions to the mandate rule exist where "(1) the evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; (3) the earlier decision is clearly erroneous and would work a manifest injustice." *Collins*, at * 4 (quoting *Ball v. LeBlanc*, 881 F.3d 346, 351 (5th Cir. 2018)).

### F.   REMAND WOULD BE FUTILE AS TO "WORKING OWNER" ANALYSIS

As noted by the Fifth Circuit, "*Yates* … provide[s] *courts* a framework for assessing working-owner questions [emphasis added]." *Data Marketing Partnership, LP*, 45 F.4th at 858. Contrary to the DOL's assertion, therefore, the question remanded to this Court by the Fifth Circuit as to the *Yates* factors does not involve "the interaction of the Department's own regulations and interpretations." Rather, the question involves a judicially created framework.

It is well-settled that "courts, rather than agencies, have expertise in interpreting case law." *Wachovia Bank, NA. v. Burke*, 414 F.3d 305, 320 (2nd Cir. 2005). Remand by a federal court to a federal agency of a question of proper interpretation of federal case law thus makes little sense. *See Passamaquoddy Tribe v. Maine*, 75 F.3d 784, 794 (1st Cir. 1996) ("As courts, not agencies, have special expertise in interpreting case law, we are loath to defer to a determination that amounts to little more than the Commission's understanding of judicial precedents"). Such remand would be to a federal agency less equipped than this Court to answer the question posed by the Fifth Circuit. The DOL has not shown any benefit to be derived from such a time-consuming and seemingly academic exercise. See *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004) (the court does not remand when doing so would be an idle and useless formality); *NLRB v. Wyman- Gordon Co.,* 394 U.S. 759, 766 n.6 (1969) (noting that courts are not required to "convert judicial review of agency action into a ping-pong game").

### G.   REMAND WOULD BE FUTILE AS TO "BONA FIDE PARTNER" ANALYSIS

Federal courts often defer to agencies' *reasonable* readings of genuinely ambiguous regulations; the courts call this *Auer* deference. *See Auer v. Robbins*, 519 U.S. 452 (1997). In this case, however, the Fifth Circuit was circumspect as to any such deference to the DOL going forward as to the proper interpretation of 29 C.F.R. § 2590.732(d)(2). The Court directed: "On

remand, the district court should also consider whether the [DOL's] interpretation of the regulation warrants *Auer* deference or whether the [DOL] forfeited the argument for such deference."

### 1. MOTION FOR REMAND IS SILENT ON *AUER* DEFERENCE

Even as it argues for remand, the DOL ignores perhaps the biggest question posed by the Fifth Circuit as to 29 C.F.R. § 2590.732(d)(2). No argument for *Auer* deference going forward, or against forfeiture of deference, is advanced by the Motion for Remand. Contrary to the incorrect assumption made by this omission, however, the question of whether the DOL forfeited the argument for *Auer* deference is inextricably intertwined with the question of whether remand to agency could accomplish anything of value in this case.

### 2. DOL FORFEITED ANY ARGUMENT FOR *AUER* DEFERENCE

There is nothing special about deference under *Auer* that suggests that an argument concerning that doctrine can't be waived by failing to raise it in a timely manner. *See Overton v. Wilkie*, 30 Vet App. 257, 265 (2018). Federal courts have thus found *Auer* arguments can be subject to waiver. S*ee Mass. Mut. Life Ins. Co. v. U.S.*, 782 F.3d 1354, 1369 (Fed. Cir. 2015). The Fifth Circuit acknowledged as much in this case. *Data Marketing Partnership, LP*, 45 F.4th at 859.

The DOL has had many opportunities to argue for *Auer* deference in this case. In this Court, the DOL filed a *Cross Motion for Summary Judgment* on March 9, 2020 [Doc. 25, 28]. On April 24, 2020, the DOL filed a *Reply* in support of the Cross Motion for Summary Judgment [Doc. 36]. In the Fifth Circuit, the DOL filed a *Brief of Appellants* on March 31, 2021. [Docs. 00515804206]. The agency filed a *Reply Brief of Appellants* on July 13, 2021 [00515936020].

In none of these briefings did the DOL mention *Auer*, much less argue for *Auer* deference. As the Fifth Circuit already surmised, the DOL forfeited any argument for *Auer* deference as to its interpretation of 29 C.F.R. § 2590.732(d)(2).

14

### 3.   WITHOUT *AUER* DEFERENCE REMAND WOULD BE FUTILE

Review of an agency's construction of a regulation that does not qualify for *Auer* deference is *de novo*. *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 149 (5th Cir. 2019). *De novo*, however, is already the standard of review presented to this Court on remand regarding the bona fide partner inquiry under 29 C.F.R. § 2590.732(d)(2). The forfeiture of *Auer* deference by the DOL thus begs the question of what can be accomplished by remand to the DOL if the standard of review of any action by the DOL would be subject to the same standard of review already now possessed by this Court. The answer, of course, is nothing.  Thus, remand would be utterly futile.

### 4.   CASE LAW CITED BY DOL IS INAPPOSITE

*BizCapital*, cited by the DOL, is distinguishable here. There, the Comptroller of Currency of the United States appealed the district's court's order denying vacatur without remand based upon a concession with the District Court's reasoning supporting vacatur. This concession allowed the agency to avoid a finding that remand be futile.

No such concession was made by the DOL before the Fifth Circuit or before this Court now. More importantly, no promise has been made to issue an Advisory Opinion in accordance with this Court's Sept. 28, 2020 *Memorandum Opinion and Order* [Doc. 38]. Without such a promise, remand is a futile exercise.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order (1) denying the *Motion for Remand to Agency*, (2) awarding such other and further relief to which they may be justly entitled, and (3) directing the parties to file briefs on the definitional questions remanded to this Court by the Fifth Circuit

Respectfully submitted this 31st day of January 2023.

/s/ Jonathan D. Crumly, Sr.
Jonathan D. Crumly, Sr.
*Pro Hac Vice*
**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
Tel: 770.8180000
Fax: 770.937.9960
Email: Jonathan.Crumly@fmglaw.com

Robert G. Chadwick, Jr.
Texas Bar No. 04056075
**FREEMAN MATHIS & GARY, LLP**
5851 Legacy Circle, Suite 600
Plano, Texas 75024
Tel: 469.895.3003
Fax: 888.356.3602
Email: bob.chadwick@fmglaw.com

Michael L. Jones
Texas Bar No. 10929460
**LAW OFFICE OF MICHAEL JONES**
16901 Dallas Parkway, Suite 202
Addison, TX 75001
Tel: 214-954-9700
Email: mjones@henryandjones.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

On January 31, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I certify that I have served the parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Jonathan D. Crumly, Sr.
Jonathan D. Crumly, Sr.