# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORTH WORTH DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| DATA MARKETING PARTNERSHIP, LP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:19-cv-00800-O |
| | ) | |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION
## FOR REMAND TO AGENCY

**TABLE OF CONTENTS**

TABLE OF CONTENTS................................................................................................................i

TABLE OF AUTHORITIES .......................................................................................................ii

INTRODUCTION ....................................................................................................................... 1

ARGUMENT............................................................................................................................... 2

I.   The Court Should Remand for the Department to Consider and Explain All Relevant
     Factors................................................................................................................................ 2

II.  Remand Would Not Be Futile............................................................................................ 4

III. The Fifth Circuit's Mandate And Remand to This Court Do Not Make Remand to the
     Department Unwarranted.................................................................................................... 7

CONCLUSION.......................................................................................................................... 11

## TABLE OF AUTHORITIES

**CASES**

*Ballenger v. Mobil Oil Corp.*,
   138 F. App'x 615 (5th Cir. 2005) ........................................................................ 8

*Berezowsky v. Rendon Ojeda*,
   652 F. App'x 249 (5th Cir. 2016) ................................................................... 8, 9

*BizCapital Bus. & Indus. Dev. Corp. v. Comptroller of Currency of U.S.*,
   467 F.3d 871 (5th Cir. 2006) ........................................................... 1, 4, 5, 10

*Bogan v. MTD Consumer Grp., Inc.*,
   839 F. App'x 832 (5th Cir. 2020) ...................................................................... 9

*Bowers v. Abundant Home Health, LLC*,
   No. 3:16-CV-1314-C, 2021 WL 706783 (N.D. Tex. Jan. 25, 2021) ......................................... 3

*Christ The King Manor, Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*,
   673 F. App'x 164 (3d Cir. 2016) ...................................................................... 10

*Data Marketing Partnership v. U.S. Department of Labor*,
   45 F.4th 846 (5th Cir. 2022) ................................................................... *passim*

*El Paso Elec. Co. v. FERC*,
   832 F.3d 495 (5th Cir. 2016) ........................................................................... 4

*Florida Power & Light Co. v. Lorion*,
   470 U.S. 729 (1985) ............................................................................... *passim*

*Hoag Mem'l Hosp. v. Hargant*,
   No. CV-11-10638, 2018 WL 6136821 (C.D. Cal. Feb. 1, 2018) ............................................ 10

*Narlock v. Comm'r of Soc. Sec.*,
   No. 1:11-CV-001, 2012 WL 651685 (W.D. Mich. Feb. 28, 2012) .......................................... 3

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*,
   551 U.S. 644 (2007) .................................................................................. 5, 10

*Negusie v. Holder*,
   555 U.S. 511 (2009) ...................................................................................... 3

*O'Reilly v. U.S. Army Corps of Eng'rs*,
   477 F.3d 225 (5th Cir. 2007) ........................................................... 1, 4, 6, 10

*Pac. Coast Fed'n of Fishermen's Ass'ns v. Raimondo*,
   No. 120-CV-00426, 2022 WL 789122 (E.D. Cal. Mar. 11, 2022) ............................................. 3

*Pit River Tribe v. U.S. Forest Serv.*,
   615 F.3d 1069 (9th Cir. 2010) ................................................................................................. 3

*R&W Tech. Servs., Ltd. v. CFTC*,
   187 F. App'x 338 (5th Cir. 2006) ............................................................................................. 9

*Texas v. Biden*,
   20 F.4th 928 (5th Cir. 2021) ..................................................................................................... 2

*United States v. Pineiro*,
   470 F.3d 200 (5th Cir. 2006) .......................................................................................... 8, 9, 10

*Util. Solid Waste Activities Grp. v. EPA*,
   901 F.3d 414 (D.C. Cir. 2018) .................................................................................................. 3

## REGULATIONS

29 C.F.R. § 2590.732(d)(2) ............................................................................................................ 6

**INTRODUCTION**

The U.S. Department of Labor and the Secretary of Labor (collectively, "the Department") ask the Court to remand Plaintiffs' advisory opinion request to the agency so the Department can issue a new advisory opinion that addresses all relevant legal principles and factors. The Department has shown that this approach would serve judicial economy and accord with well-established judicial review principles under the Administrative Procedure Act ("APA").

In *Data Marketing Partnership v. U.S. Department of Labor*, 45 F.4th 846 (5th Cir. 2022), the Fifth Circuit explained the relevant legal standards and caselaw differently than they had been understood by Plaintiffs and this Court. The Fifth Circuit also vacated the Department's advisory opinion for "fail[ing] to 'reasonably consider the relevant issues and reasonably explain' the advisory opinion." *Id.* at 856. Accordingly, an opportunity for the Department to consider and explain all of the relevant issues is warranted. Upon remand, the Department would issue a new advisory opinion within a reasonable time after receiving any supplemented/clarified request from Plaintiffs. Joint status reports could be provided every 90 days regarding the parties' progress.

Plaintiffs make no persuasive arguments against application of the Fifth Circuit's rule that "remand *with* vacatur" is the "default" for an agency action set aside under the APA. *Data Marketing P'ship*, 45 F.4th at 859 (quotation marks omitted). Their argument that remand is waived unless affirmatively requested before an appeal is baseless. Nor can they distinguish the voluminous caselaw directing courts to remand agency action that has been vacated for failures to consider or explain relevant issues. Moreover, while Plaintiffs assert that remand would be futile, they identify no case finding that remand would be futile in circumstances like these. To the contrary, *O'Reilly v. U.S. Army Corps of Eng'rs*, 477 F.3d 225 (5th Cir. 2007), and *BizCapital Bus. & Indus. Dev. Corp. v. Comptroller of Currency of U.S.*, 467 F.3d 871 (5th Cir. 2006), both faulted district courts for failing to remand to agencies for additional analysis and explanation.

Finally, Plaintiffs argue that the mandate rule and the Fifth Circuit's remand of certain questions to this Court forecloses remand to the agency.  In fact, remand would be entirely consistent with the Fifth Circuit's holdings and the administrative law context of this case.  The Fifth Circuit's decision made clear that no contrary-to-law holding or permanent injunction could be issued without addressing specific interpretive questions, but its remand instructions leave untouched this Court's authority to remand to the agency before addressing interpretive questions.  Indeed, jumping ahead without remand would conflict with *BizCapital* and similar authority.

**ARGUMENT**

**I.      THE COURT SHOULD REMAND FOR THE DEPARTMENT TO CONSIDER AND EXPLAIN ALL RELEVANT FACTORS.**

It is well-established that "[i]f the record before the agency does not support the agency action [or] if the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  Indeed, in this case, the Fifth Circuit approvingly quoted an opinion stating that "by default, remand with vacatur is the appropriate remedy."  *Data Marketing P'ship*, 45 F.4th at 859 (quoting *Texas v. Biden*, 20 F.4th 928, 1000 (5th Cir. 2021), *rev'd and remanded on other grounds*, 213 L. Ed. 2d 956 (June 30, 2022)).

Plaintiffs distort this unambiguous caselaw in numerous ways.  First, they claim that an agency defendant waives the possibility of remand unless the agency files a motion for remand before an appeal.  *See* Pls.' Opp'n at 5, ECF No. 49 ("Even before this case reached the Fifth Circuit, . . . the DOL had waived any request for remand to it.").  This is nonsense.  An agency does not need to affirmatively request remand at any prior point in order to make that disposition of the case appropriate.  To the contrary, once an agency action is set aside under the APA, remand to the agency for additional action is usually necessary because the Court "is not generally

2

empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Fla. Power & Light*, 470 U.S. at 744.  Unlike a pre-judgment voluntary remand,[1] or a remand requested by plaintiffs,[2] a remand after vacatur is not "relief" to the defendant.  Nor is it an "argument" that must be presented to the district court and preserved on appeal to receive consideration on a post-appeal remand.[3]  Instead, remand with vacatur is a remedy for an APA violation, a disposition that can be appropriate regardless of the procedural history of the case, including on appeal,[4] or on return to the district court after appeal.[5]

Second, Plaintiffs argue that the Fifth Circuit "implicitly determined" that *Florida Power & Light*'s statement of the "proper course" was inapplicable.  *See* Pls.' Opp'n at 8.  The Fifth Circuit did no such thing.  Instead, its opinion approvingly quoted the Circuit's position that "by default, remand with vacatur is the appropriate remedy," *Data Marketing P'ship*, 45 F.4th at 859, and the opinion neither expressly nor implicitly found any reason to deviate from that default rule.  Indeed, the sole basis on which the Fifth Circuit upheld the vacatur of the advisory opinion was the Department's failure to address two other advisory opinions and a relevant regulation.  *See id.*

---

[1] *See Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414 (D.C. Cir. 2018); *Pac. Coast Fed'n of Fishermen's Ass'ns v. Raimondo*, No. 120-CV-00426, 2022 WL 789122 (E.D. Cal. Mar. 11, 2022) (both cited by Plaintiffs, but not relevant where agency action has already been vacated).

[2] *See Narlock v. Comm'r of Soc. Sec.*, No. 1:11-CV-001, 2012 WL 651685, at *6 (W.D. Mich. Feb. 28, 2012) (noting that a plaintiff who wants to postpone judicial review to return to the administrative process for consideration of additional evidence may waive that opportunity).

[3] *See Bowers v. Abundant Home Health, LLC*, No. 3:16-CV-1314-C, 2021 WL 706783, at *6 (N.D. Tex. Jan. 25, 2021), *rpt. & rec. adopted*, 2021 WL 693652 (N.D. Tex. Feb. 23, 2021).

[4] *See, e.g.*, *Negusie v. Holder*, 555 U.S. 511, 514 (2009) (holding, after Fifth Circuit affirmed agency action, "[w]e reverse and remand for the agency to interpret the statute, free from the error, in the first instance").

[5] *See, e.g.*, *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1074 (9th Cir. 2010) ("[T]he district court entered summary judgment in favor of [plaintiff], pursuant to our order of remand. The district court then remanded this case to the relevant agencies for further proceedings, with instructions that the district court believed were necessary to effectuate the mandate[.]").

at 856 (holding that the Department "failed to 'reasonably consider the relevant issues and reasonably explain' the advisory opinion" which "omissions doom the Department's action"). These are precisely the sorts of omissions that justify a remand for further agency consideration. *See* Defs.' Mot. at 4-8; *O'Reilly*, 477 F.3d at 240 (5th Cir. 2007) (addressing "flaws in [agency's] methodology that render its ultimate conclusion unreliable and that therefore warrants remand to the agency"); *BizCapital*, 467 F.3d at 873 ("remand is usually required" where agency "never applied the facts pertinent to [plaintiff's] request against the factors in the [agency's] regulations").

It is bizarre for Plaintiffs to attempt to distinguish extensive caselaw on the ground that "each of these cases involved unfinished business by the federal agency in developing a complete record for judicial review" whereas the Fifth Circuit allegedly "found no unfinished business of the DOL." Pls.' Opp'n at 8-9. Not so. Putting to one side the novelty of Plaintiffs' "unfinished business" category, the Fifth Circuit plainly stated that the reason it found the Department's advisory opinion arbitrary and capricious was its failure to "meaningfully consider [two] relevant advisory opinions" and to "address a regulation that adopted a definition of 'working owner.'" *See Data Marketing P'ship*, 45 F.4th at 856-57 ("These omissions doom the Department's action."). Thus, the Department's "unfinished business" plainly includes issuing an advisory opinion that fully engages with all relevant agency pronouncements in other advisory opinions and regulations. *See also El Paso Elec. Co. v. FERC*, 832 F.3d 495, 507 (5th Cir. 2016) (disregarding certain arguments as "post hoc rationalizations" and holding that "[i]f FERC views the [factor] . . . as a reasonable justification for its actions, it must more fully explain that logic on remand").

## II.   REMAND WOULD NOT BE FUTILE.

The Department has also shown that this is not one of the "rare circumstances" where "remand to the agency for additional investigation or explanation" is unwarranted. *See BizCapital*, 467 F.3d at 873 (quoting *Florida Power & Light*, 470 U.S. at 744). Fifth Circuit caselaw rejects

the argument that remand would be "an idle and useless formality" even if the agency may be

"likely to deny the request after properly applying its regulations." *Id.* at 874.  In *BizCapital*, the

district court held that an agency erred in concluding that certain information was categorically

privileged from release and that the agency failed to weigh the factors laid out in its own regulation

for disclosure requests; the district court then applied those factors and ordered disclosure.  *See id.*

at 871-72.  The Fifth Circuit reversed, holding that once the threshold legal issue had been decided,

the district court should have remanded to give the agency an opportunity "to review [plaintiff's]

request based on the factors in [the agency's] regulation," which was not "a mere formality."  *Id.*

at 874.  As in *BizCapital*, the Department should have an opportunity on remand to address the

omissions that rendered the agency action arbitrary and capricious.[6]  *See also Nat'l Ass'n of Home*

*Builders v. Defs. of Wildlife*, 551 U.S. 644, 657 (2007) ("[T]he proper course would have been [for

Ninth Circuit] to remand to the Agency for clarification of its reasons. . . . But the Ninth Circuit

did not take this course; instead, it jumped ahead to resolve the merits of the dispute. In so doing,

it erroneously deprived the Agency of its usual administrative avenue for explaining and

reconciling the [agency's] arguably contradictory rationales[.]").

Plaintiffs argue that remand to the agency would be "futile" for the "working owner" and

"bona fide partner" analyses remanded by the Fifth Circuit.  *See* Pls.' Opp'n at 13-15.  Those

analyses were remanded because the Fifth Circuit vacated this Court's conclusion that the advisory

opinion was "contrary to law because it unreasonably interpreted the applicable statutory and

---

[6] Plaintiffs dismiss *BizCapital* on the ground that the agency in that case made a "concession
[that] allowed the agency to avoid a finding that remand would be futile." Pls.' Opp'n at 15.  The
concession did not actually drive the remand; regardless, it provides no basis to distinguish that
case from this one.  In *BizCapital*, the agency "conceded argument" on the categorical privilege
issue and accepted that all of the factors in the regulation needed to be weighed.  467 F.3d at 871,
874.  Similarly, here, the Department accepts that, on remand, it must address the three relevant
agency actions omitted from its advisory opinion and apply the Fifth Circuit's legal framework.

regulatory provisions." *Data Marketing P'ship*, 45 F.4th at 853.  The Fifth Circuit held that significant additional analysis under the *Yates* framework and under 29 C.F.R. § 2590.732(d)(2)'s totality-of-the-circumstances inquiry is required.  *See id.* at 858-60.  In this posture, Plaintiffs cannot show that remand would be "futile" or "a mere formality."  Both the agency's advisory opinion and this Court's analysis of the legal standards and their application to the facts presented in Plaintiffs' request have been vacated for failure to consider all of the relevant factors.  Accordingly, a remand is warranted for the agency to consider all of the relevant issues in the first instance.  *See, e.g.*, *O'Reilly*, 477 F.3d at 240 ("Since that possibility [that the agency's conclusion was correct] has not been entirely foreclosed, the proper remedy under this court's precedents is to remand the case to the agency to correct the deficiencies in its analysis.").[7]

Plaintiffs argue that the merits questions regarding "working owners" merely involve "proper interpretation of federal case law," Pls.' Opp'n at 13, and that "nothing" would be accomplished by giving the Department the opportunity to assess the "bona fide partner" questions in the first instance if the Court could review the Department's interpretation of its own regulations *de novo*, *id.* at 15.  These objections minimize the complex nature of the necessary analyses.  With regard to working owners, the Fifth Circuit said that the Department's other relevant advisory opinions and regulation should be considered, *see* 45 F.4th at 856-58, and that Supreme Court

---

[7] The Fifth Circuit also invited the Court to consider whether "the Department's interpretation of the [bona fide partner] regulation warrants *Auer* deference or whether the Department forfeited the argument for such deference." *Data Marketing P'ship*, 45 F.4th at 859.  However, the advisory opinion has been vacated and therefore cannot be subject to deference.  At any rate, Plaintiffs' arguments that *Auer* deference must be decided by this Court, Pls.' Opp'n at 12, and has been forfeited, *id.* at 14-15, are irrelevant to this remand motion.  While it is true that the Department, in arguing the advisory opinion was not final agency action, did not seek *Auer* deference for that opinion's analysis of Department regulations, that does not negate the value of an opportunity for the Department on remand to appropriately weigh all relevant agency regulations and guidance, the legal standards clarified by the Fifth Circuit, and the facts presented by Plaintiffs' request.

precedent requires analysis of "all four titles of ERISA and the Internal Revenue Code" to determine whether the statute provides "specific enough [guidance] to resolve . . . [the] working-owner questions" here. *Id.* at 858. With regard to bona fide partners, the Fifth Circuit concluded the Department's regulation "commands a totality-of-the-circumstances analysis." *Id.* at 859. Thus, both inquiries require detailed analysis of matters within the Department's expertise and application of those factors to Plaintiffs' request. Remand would not be futile.

## III.   THE FIFTH CIRCUIT'S MANDATE AND REMAND TO THIS COURT DO NOT MAKE REMAND TO THE DEPARTMENT UNWARRANTED.

Finally, the Department has shown that the Fifth Circuit's remand to this Court does not make further remand to the Department inappropriate. *See* Defs.' Mot. at 12-14. While the Fifth Circuit held that further analysis would be required before the Court could make a "contrary to law" ruling or issue a permanent injunction, its opinion does not foreclose the ordinary remedy of remand to apply all relevant legal principles to the facts in the first instance. This Court retains its authority to manage this case, including the responsibility to apply this Circuit's "default rule" of post-vacatur remand to the agency in the absence of "rare circumstances" requiring an exception.

None of Plaintiffs' arguments to the contrary hold water. First, Plaintiffs argue that "the only issues not decided by the Fifth Circuit, and remanded to this Court, relate to the overriding question of whether or not the factual predicate exists in this case for a permanent injunction." Pls.' Opp'n at 10. That is not correct. The questions remanded by the Fifth Circuit are primarily relevant to whether the Department's now-vacated advisory opinion is contrary to law, and only secondarily to whether the Department should be permanently enjoined. *See* 45 F.4th at 858, 860 (considering "whether the district court interpreted the relevant provisions correctly," remanding so the interpretive questions could be readdressed, and separately vacating the injunction because it "turned on the [same] interpretive questions"). As discussed above, these complex analyses are

7

the very sort of questions that should be returned to the agency for analysis in the first instance.

Second, Plaintiffs argue that the Fifth Circuit "implicitly rejected" the Department's arguments against a permanent injunction. *See* Pls.' Opp'n at 9-10. In fact, the Fifth Circuit stated "we vacate this injunction without opining on whether such relief might be appropriate" because the district court's injunction "turned on the [now-remanded] interpretive questions." 45 F.4th at 860. Thus, the Fifth Circuit did not adopt or reject the Department's arguments against a permanent injunction, but simply deferred any decision on whether injunctive relief "might be appropriate." *Id.*; *cf. Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 252 (5th Cir. 2016) (holding that Fifth Circuit's silence about issue raised on appeal "does not *necessarily* . . . impl[y] rejection of [defendant's] request and foreclose[] the district court from granting it" and instead the Fifth Circuit "simply did not decide in that case whether or not [the requested relief] was warranted"). At any rate, the eventual possibility of injunctive relief is not a basis to deny remand.

Lastly, Plaintiffs argue that the mandate rule prohibits this Court from remanding to the agency. Pls.' Opp'n at 11-12. However, the Department's proposed remand is fully consistent with the letter and spirit of the Fifth Circuit's ruling. "The mandate rule, which is a corollary or specific application of the law of the case doctrine, prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006). "The reach of the mandate rule, however, is limited to issues *actually decided* by the appellate court. Thus, a mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal." *Ballenger v. Mobil Oil Corp.*, 138 F. App'x 615, 618 (5th Cir. 2005) (alterations omitted). And when "the district court assays to implement the mandate, it must proceed within the letter and spirit of the mandate by taking into

account the appeals court's opinion and the circumstances it embraces." *Pineiro*, 470 F.3d at 205.

Here, the Fifth Circuit's judgment, issued as the mandate on October 11, 2022, stated the case was "REMANDED to the District Court for further proceedings in accordance with the opinion of this Court." ECF No. 43.  As described above, the Fifth Circuit's opinion "remand[ed] as to both [statutory] terms, so that the district court may address certain interpretive questions in the first instance," 45 F.4th at 858, specifically the application of the complex statutory regime to Plaintiffs' factual circumstances.  Plaintiffs err in reading the Fifth Circuit's remand for further proceedings to "require[] that this Court, and this Court alone, address the questions posed."  Pls.' Opp'n at 12.  Instead, the Court would be fully complying with the Fifth Circuit's mandate if it keeps jurisdiction and, after the Department issues a new advisory opinion, the Court has the opportunity to reach the merits questions on the basis of a reviewable agency action.  The Fifth Circuit has repeatedly recognized that district courts may exercise their authority consistent with the scope of the remanded action without violating the mandate rule.  For example, *Berezowsky* held that the remand of a child custody case for dismissal did not prohibit the district court from considering a request for re-return of the child because "federal courts have inherent equitable power to order such relief." 652 F. App'x at 252.  The Fifth Circuit's first opinion "simply did not decide . . . whether or not a re-return order was warranted" thus leaving untouched the district court's power to make a "decision to issue or deny a re-return order."  *See* 652 F. App'x at 252.[8]

---

[8] *See also Bogan v. MTD Consumer Grp., Inc.*, 839 F. App'x 832, 836 (5th Cir. 2020) (upholding district court action on remand where Fifth Circuit "did not instruct the district court to reopen discovery or hold additional evidentiary hearings" but instead was "silent on the matter and declined to suggest how the district court should proceed"); *R&W Tech. Servs., Ltd. v. CFTC*, 187 F. App'x 338, 342 (5th Cir. 2006) (upholding exclusion of declarations on evidentiary grounds on remand, even though Fifth Circuit had found abuse of discretion in failure to reopen record, because "nothing in [the Circuit's] earlier opinion suggested that it intended to abrogate the Commission's rules [for admitting evidence]").

Indeed, because following "the letter and spirit of the mandate" entails "taking into account the appeals court's opinion *and the circumstances it embraces*," *Pineiro*, 470 F.3d at 205 (emphasis added), it would be anomalous for this Court not to apply the Fifth Circuit's "default" remand rule in APA cases.  Here, both the vacatur of the Department's advisory opinion purely on procedural grounds and the remand for interpretive/application inquiries within the Department's expertise must—at the very least—leave this Court free to remand for issuance of a new advisory opinion.  Other courts facing ambiguous appellate mandates in similar circumstances have held agency remands to be appropriate.  *See, e.g.*, *Christ The King Manor, Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 673 F. App'x 164, 171 (3d Cir. 2016) (holding that mandate remanding to district court "for entry of a declaratory judgment for Plaintiffs, all in accordance with the opinion of this Court" must be read against the backdrop of APA principles and "authorized the District Court to allow the agency to reopen proceedings and issue a redetermination" because "nothing in *Christ the King I* indicates that this case was the 'rare circumstance' precluding further agency action contemplated by *Florida Power & Light*"); *Hoag Mem'l Hosp. v. Hargant*, No. CV-11-10638, 2018 WL 6136821, at *2 (C.D. Cal. Feb. 1, 2018) ("[The Ninth Circuit's] reasoning clearly takes issue with the decision-making process, but nowhere in the opinion is any indication that the substantive result the Secretary reached is untenable. Thus, remand to the Secretary is the appropriate remedy, to allow the agency to further develop the factual record.").  This Court should apply the same approach both because it is consistent with the Fifth Circuit's mandate and because courts that jump ahead to resolve ultimate merits issues after an arbitrary and capricious finding have repeatedly been faulted for not remanding for agencies to analyze the remaining issues in the first instance.  *See Nat'l Ass'n of Home Builders*, 551 U.S. at 657; *O'Reilly*, 477 F.3d at 240; *BizCapital*, 467 F.3d at 873.

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that the Court remand this

matter to the Department so that a new advisory opinion can be issued in light of the Fifth Circuit's

decision.


Dated:  February 17, 2023                                      Respectfully submitted,

                                                              BRIAN M. BOYNTON
                                                              Principal Deputy Assistant Attorney General

                                                              BRAD P. ROSENBERG
                                                              Assistant Director
                                                              Civil Division, Federal Programs Branch

                                                              */s/ Galen N. Thorp*
                                                              GALEN N. THORP (VA Bar # 75517)
                                                              Senior Trial Counsel
                                                              United States Department of Justice
                                                              Civil Division, Federal Programs Branch
                                                              1100 L Street NW
                                                              Washington, D.C. 20530
                                                              Tel: (202) 514-4781 / Fax: (202) 616-8460
                                                              galen.thorp@usdoj.gov

                                                              *Counsel for Defendants*

CERTIFICATE OF SERVICE

On February 17, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served the parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Galen N. Thorp*
GALEN N. THORP