UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DATA MARKETING PARTNERSHIP, LP, et al., §§§§§§ Plaintiffs, §§§§§§ v. §§§§§§ UNITED STATES DEPARTMENT OF LABOR, et al., §§§§§§ Defendants. § | Civil Action No. 4:19-cv-00800-O |

**OPINION & ORDER DENYING DEFENDANTS' MOTION TO REMAND**

Before the Court are Defendants' Motion to Remand (ECF No. 48), filed December 30, 2022; Plaintiffs' Response (ECF No. 49), filed January 31, 2023; and Defendants' Reply to Plaintiffs' Response (ECF No. 50), filed February 17, 2023. After reviewing the briefing, relevant law, and applicable facts, the Court finds that Defendants' Motion to Remand should be **DENIED** in its entirety.

I.  BACKGROUND[1]

　A.  Legal Background

This case involves the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA regulates an "employee welfare benefit plan," which employers can use to provide health insurance to "participants." 29 U.S.C. § 1002(1). ERISA defines a "participant" as "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any

---

[1] Unless specified otherwise, all legal, procedural, and factual background information is drawn from the Fifth Circuit's opinion remanding the case to this Court. *See Data Mktg. P'ship, LP v. United States Dep't of Labor*, 45 F.4th 846 (5th Cir. 2022). Facts for the legal background stem from subsection I(A) at 851, while facts for the procedural and factual background largely stem from subsection I(B) at 852–53.

1

type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." *Id*. § 1002(7). It in turn defines an "[e]mployee" as "any individual employed by an employer" and an "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." *Id.* § 1002(5), (6). As relevant here, a "working owner" or a "bona fide partner" may be an "employee." *See Yates v. Hendon*, 541 U.S. 1, 6 (2004) (working owner); 29 C.F.R. § 2590.732(d)(2) (bona fide partner).

The Department of Labor set up a procedure to formally provide guidance to entities on ERISA-related issues. *See* Advisory Opinion Procedure, 41 Fed. Reg. 36,281 (Aug. 27, 1976). "An 'advisory opinion' is a written statement issued to an individual or organization, or to the authorized representative . . . , that interprets and applies the Act to a specific factual situation." *Id.* at 36,282.

### B. Factual and Procedural Background

LP Management Services, LLC ("Management Services") serves as the general partner of several limited partnerships, including Data Marketing Partnership, LP ("Data Marketing"). In November 2018, Management Services requested an advisory opinion from the Department of Labor—using Data Marketing's business model as an example—on whether a proposed health insurance plan for its limited partnerships would qualify as an employee welfare benefit plan under ERISA. By October 2019, the Department still had not issued an advisory opinion. Accordingly, Plaintiffs sued, sought a declaration that ERISA covered their plan, and moved for an injunction ordering the Department not to release a contrary advisory opinion.

A few months later, the Department issued a six-page advisory opinion and concluded that ERISA did not cover Plaintiffs' plan. The Department found that the limited partners were neither

"working owners" nor "bona fide partners." Plaintiffs then amended their complaint to challenge the lawfulness of the advisory opinion and the parties cross-moved for summary judgment. This Court then granted Plaintiffs' motion, denied the Department's cross-motion, vacated the agency action, and permanently enjoined the Department "from refusing to acknowledge the ERISA-status of the Plan or refusing to recognize the Limited Partners as working owners of" Data Marketing.

According to the Fifth Circuit, this Court reached two relevant conclusions. First, it concluded that the advisory opinion was final agency action. Second, it concluded that the advisory opinion was arbitrary, capricious, and contrary to law. The Court looked to a definition of "working owners" that the Department had previously used in another advisory opinion in making its determination about the word's meaning. Additionally, it determined that the limited partners were "bona fide partners" because they had a "more-than-pretextual relationship" with Data Marketing. The Department timely appealed this decision to the Fifth Circuit.

The Fifth Circuit affirmed this Court's conclusions that the advisory opinion was a final agency action and that it was arbitrary and capricious. However, the Fifth Circuit vacated this Court's interpretations of "working owner" and "bona fide partners" because this Court failed to perform the relevant totality-of-the-circumstances analyses for both phrases. The Fifth Circuit also vacated this Court's permanent injunction and told the Court to consider on remand whether Defendants forfeited any *Auer* deference arguments.

In doing so, the Fifth Circuit specifically mentioned remanding to the district court in five separate instances. First, the Fifth Circuit "frame[d] the relevant interpretive questions for the district court's consideration on remand."[2] Second, it remanded "so that the district court may

---

[2] *Data Mktg.*, 45 F.4th at 855.

3

address certain interpretive questions in the first instance."[3] Third, the Fifth Circuit found that the permanent injunction "turned on the interpretative questions that the district court must further address on remand."[4] Finally, in back-to-back sentences, the Fifth Circuit wrote, "[W]e believe it best to remand for the district court to apply the totality-of-the-circumstances inquiry in the first instance. On remand, the district court should also consider whether the Department's interpretation of the regulation warrants *Auer* deference or whether the Department forfeited the argument for such deference."[5]

Now that this case has been remanded, Defendants seek a further remand of this matter to the U.S. Department of Labor for additional administrative adjudication. Defendants filed their Motion to Remand and Brief in Support on December 30, 2022. Plaintiffs filed their Response on January 31, 2023, and Defendants filed their Reply to Plaintiffs' Response on February 17, 2023. Defendant's motion is now ripe for the Court's review.

## II.   LEGAL STANDARD

Generally, courts reviewing agency actions should remand by default. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). However, in rare circumstances, the default rule does not apply. *Id.* Such rare circumstances exist when the mandate rule constrains the district court's discretion because the mandate rule "compels compliance on remand with the dictates of a superior court." *Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633, 639–40 (5th Cir. 2014), *aff'd*, 579 U.S. 365 (2016).  "The mandate rule requires a district court on remand to effect [the] mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007).

---

[3] *Id.* at 858.
[4] *Id.* at 860.
[5] *Id.* at 859.

### III. ANALYSIS

Despite the default rule that courts should remand, Defendants' motion to remand fails because the organization of the Fifth Circuit's directive leaves this Court no discretion to remand under the mandate rule. "In implementing the mandate, the district court must take into account the appellate court's opinion and the circumstances it embraces." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (internal citations and quotations omitted). Further, on remand the district court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (internal citation omitted).

Here, the mandate rule applies because the Fifth Circuit both explicitly and implicitly conferred responsibility upon the Court. First, the Fifth Circuit explicitly remanded to the district court in five separate instances without mentioning any other option. Second, the Fifth Circuit implicitly remanded to the district court by assigning it a non-delegable *Auer* deference inquiry. Such repetition, organization, and direction provide the Court with a clear directive to keep the case. Because the mandate rule applies, the Court need not reach other arguments raised in the briefs and will now expand on the above reasoning.

Again, the Fifth Circuit's fivefold repetition explicitly indicates that the Court alone must address the remanded issues. First, the Fifth Circuit "frame[d] the relevant interpretive questions for the *district court's*[6] consideration on remand."[7] Second, it remanded "so that the *district court* may address certain interpretive questions in the first instance."[8] Third, the Fifth Circuit found that the permanent injunction "turned on the interpretative questions that the *district court* must further

---

[6] Emphasis added for all italicizations of "district court" in this paragraph.
[7] *Data Mktg.*, 45 F.4th at 855.
[8] *Id.* at 858.

5

address on remand."[9] Finally, in back-to-back sentences, the Fifth Circuit wrote, "[W]e believe it best to remand for the *district court* to apply the totality-of-the-circumstances inquiry in the first instance. On remand, the *district court* should also consider whether the Department's interpretation of the regulation warrants *Auer* deference or whether the Department forfeited the argument for such deference."[10] Such emphasis through repetition indicates that this Court alone must address the remanded issues under both the letter and spirit of the Fifth Circuit's directive.

Furthermore, the immediate proximity between the totality-of-the-circumstances inquiry and the non-delegable *Auer* deference inquiry in the Fifth Circuit's directive implicitly foreclosed the possibility of remand. The U.S. Department of Labor cannot determine whether it forfeited its own *Auer* deference argument. Only courts can make such a determination. Additionally, the mandate rule does not allow the Court to delegate legally non-delegable responsibilities or to cherry pick which parts of the mandate to follow and which parts to ignore. Since the Fifth Circuit grouped these remand inquiries together in adjoining sentences that explicitly reference the district court, the Court finds that the Fifth Circuit intended for the Court to address these inquiries together. And since the Court cannot delegate the *Auer* deference inquiry, it must keep both inquiries.

Thus, the mandate rule constrains the Court's discretion in remanding this case because the Fifth Circuit both explicitly and implicitly conferred responsibility upon the district court alone. Accordingly, the Court finds that Defendant's Motion to Remand should be **DENIED**.

IV. **CONCLUSION**

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Remand (ECF No. 48). Accordingly, the Court shall retain jurisdiction over this dispute rather than remanding it

---

[9] *Id.* at 860.
[10] *Id.* at 859.

to the U.S. Department of Labor. The parties **SHALL** submit a joint report indicating their proposals for how this case should proceed **no later than September 1, 2023**.

**SO ORDERED** on this **11th day** of **August, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**