# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| DATA MARKETING PARTNERSHIP, LP, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 4:19-cv-00800-O ) ) |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) ) ) |
| Defendants. | ) ) ) |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Jonathan D. Crumly, Sr.
*Pro Hac Vice*
**Freeman Mathis & Gary, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
Tel: 770.8180000
Fax: 770.937.9960
Email: Jonathan.Crumly@fmglaw.com

Robert G. Chadwick, Jr.
Texas Bar No. 04056075
**Freeman Mathis & Gary, LLP**
7160 Dallas Parkway, Suite 625
Plano, Texas 75024
Tel: 469.895.3003
Fax: 888.356.3602
Email: bob.chadwick@fmglaw.com

Michael L Jones
Texas Bar No. 10929460
**Law Office of Michael Jones**
16901 Dallas Parkway, Suite 202
Addison, TX 75001
Tel: 214-954-9700
Email: mjones@henryandjones.com

**COUNSEL FOR PLAINTIFFS**

**TABLE OF CONTENTS**

INTRODUCTION ………………………………………………………………………………… 1

SIX ARGUMENTS RAISED BY DEFENDANTS HAVE ALREADY BEEN DECIDED AGAINST THEM WITHOUT REMAND …………………………………………………………………………. 5

I.   Summary Judgment has Already Been Determined to be the Appropriate Procedure in this Case ……………………………………………………………………………….. 5

II.  Vacatur of Feb. 3, 2020 Advisory Opinion has Already Been Found to be an Inadequate Remedy ……………………………………………………………………. 6

III. Defendants' Motion to Remand Has Already Been Denied …………………………... 7

IV.  DMP Plan Has Already Been Found to be A Single Employer ERISA Plan ……………... 7

V.   Subject to "Interpretive Questions" remanded by Fifth Circuit, Evidentiary Record Has Already Been Found to Support a Permanent Injunction ……………………………… 8

VI.  Only First Element of Requisite Showing for a Permanent Injunction is Implicated by "Interpretive Questions" Remanded to this Court ……………………………………9

DEFENDANTS' SELF-SERVING AND FICTIONAL DEFINITIONS OF "WORKING OWNER" AND "BONA FIDE PARTNER" ARE CONTRARY TO PURPOSES OF ERISA ……………………………10

I.   Definitions are Contrary to Promotion and Facilitation of Employee Benefit Plans ………. 11

II.  Definitions are Contrary to National Uniformity of Employee Benefit Plans …………... 12

III. Definitions Are Self-Serving and Fictional ……………………………………………… 12

IV.  Definitions Are Unsupported by ERISA Jurisprudence ……………………………… 13

PLAINTIFFS WOULD BE IRREPARABLY HARMED IN THE ABSENCE OF PERMANENT INJUNCTION … 14

I.   ERISA Preemption ……………………………………………………………………… 14

II.  DOL Enforcement ……………………………………………………………………. 15

III. Defendants' Refusals Are Source of Plaintiffs' Irreparable Harm …………………………. 15

CONCLUSION …………………………………………………………………………………. 15

## TABLE OF AUTHORITIES

CASES: PAGE(S)

*Data Mktg. P'ship, LP v. D.O.L.*, 45 F.4th 846, 860 (5th Cir. 2022) ……………………………… 4, 6

*Gadhave v. Thompson*, 2023 WL 6931334 at *1 (N.D.Tex. Oct. 19, 2023) ……………………….. 6

*Gobeille v. Liberty Mutual Co.*, 577 U.S. 312 (2016) ………………………………………….. 14

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992) …………………………………. 13, 14

*Raymond B. Yates, M.D., Profit Sharing Plan v Hendon*, 541 U.S. 1 (2004) ………. 10, 11, 12, 13

*United Motorcoach Ass'n, Inc. v. City of Austin,* 851 F.3d 489, 492-93 (5th Cir. 2017) …………. 9

STATUTES:

29 U.S.C. § 1144(a) …………………………………………………………………………. 14

29 U.S.C. § 1132(a)………………………………………………………………………….. 15

29 U.S.C. § 1134 …………………………………………………………………………….. 15

OTHER:

Advisory Opinion 1999-4A …………………………………………………………………….. 13

## INTRODUCTION

At the outset, it is important to restate the limited mandate with which this Court has been charged by the Fifth Circuit. This mandate is to "further address on remand" two "interpretive questions." *See Data Mktg. P'ship, LP v. D.O.L.*, 45 F.4th 846, 860 (5th Cir. 2022). First, "whether all of the *Yates* factors, including the various provisions of ERISA and the IRC, combine to make these particular working owners" – the Limited Partners of DMP – "qualify as plan participants." *Id*. at 858. Second, whether a "totality-of-the-circumstances inquiry" shows that the Limited Partners are "bona fide partners" of DMP. *Id*. at 859.

As set forth below, *Defendants' Opposition to Plaintiffs' Motion for Summary Judgment* [Doc.64] ("*Defendants' Opposition*") ignores the limitations of the Fifth Circuit mandate as to the propriety of a permanent injunction. Instead, Defendants seek to relitigate issues which this Court and the Fifth Circuit have already decided in Plaintiffs' favor.

*Defendants' Opposition* also ignores the clear charge of ERISA that the terms "working owner" and "bona fide partner" be defined broadly to serve the statutes' purposes of (1) promoting and facilitating employee benefit plans; and (2) national uniformity of employee benefit plans. Instead, Defendants advocate definitions which are plainly result-oriented with the aim of excluding Limited Partners from the DMP Plan despite their undisputed ownership interests in DMP and involvement in the business activities of DMP.

*Defendants' Opposition* likewise ignores the positions which Defendants have consistently maintained in this litigation, and continue to maintain on remand, despite contrary rulings of this Court and the Fifth Circuit. Contrary to the misrepresentations to this Court in Footnote 7 of *Defendants' Opposition*, Defendants have never waived from the positions that (1) the DMP Plan is not an ERISA plan, and (2) DMP's Limited Partners are not "working owners" or "bona fide

partners" qualified to participate in the DMP Plan.[1] Without a permanent injunction enjoining Defendants "from refusing to acknowledge the ERISA status of the [DMP] Plan or refusing to recognize the Limited Partners as working owners of DMP", Defendants are free to maintain their unlawful positions, in defiance of this Court and the Fifth Circuit, thereby (1) abrogating their responsibilities for enforcing ERISA as to the DMP Plan and the Limited Partners, and (2) allowing all fifty states to fill the void, to the irreparable injury of the DMP Plan and the Limited Partners of DMP.

In the final analysis, therefore, *Defendants' Opposition* offers no meaningful opposition to reinstating the permanent injunction vacated by the Fifth Circuit.

### SIX ARGUMENTS RAISED BY DEFENDANTS HAVE ALREADY BEEN DECIDED AGAINST THEM WITHOUT REMAND

*Defendants' Opposition* makes at least six arguments which (1) have been ruled upon in Plaintiffs' favor in previous decisions of this Court and/or the Fifth Circuit, and (2) are otherwise outside the scope of the two "interpretive questions" remanded by the Fifth Circuit to this Court. These arguments thus no longer have any meaning in this case.

**I.    SUMMARY JUDGMENT HAS ALREADY BEEN DETERMINED TO BE THE APPROPRIATE PROCEDURE IN THIS CASE**

In a case challenging an agency action under the Administrative Procedure Act ("APA"), summary judgment "serves as the mechanism for deciding" whether the action "is supported by

---

[1] *See Defendants' Opposition*, pp. 2-3; 5-7; 20-32; *Defendants' Combined Brief in Opposition to Motion for Temporary Restraining Order and Preliminary Injunction, in Opposition to Motion for Summary Judgment, and in Support of Cross-Motion for Summary Judgment* [Doc. 28] ("*Defendants' Combined Brief*"), pp. 1-2; 21-39; *Defendants' Reply in Support of Cross-Motion for Summary Judgment* [Doc 36] ("*Defendants' Reply*"), pp. 12-17; *Opening Brief for Appellants*, United States Court of Appeal for the Fifth Circuit, Case No. 20-11179 [App. Doc. 00515804206] ("*Defendants' Opening Appellate Brief*"), pp. 27-37; and *Reply Brief of Appellants*, United States Court of Appeal for the Fifth Circuit, Case No. 20-11179 [App. Doc. 00515936020] ("*Defendants' Appellate Reply Brief*"), pp. 11-23.

the administrative record and otherwise consistent with the APA standard of review." *Gadhave v. Thompson*, 2023 WL 6931334 at *1 (N.D.Tex. Oct. 19, 2023). Accordingly, the parties previously stipulated in their *Joint Status Report Regarding Proposed Schedule* [Doc. 18], filed on Feb. 13, 2020, that this case would be decided with cross-motions for summary judgment without discovery. This Court subsequently entered an Order [Doc. 19] adopting the parties stipulation.

The two legal "interpretive questions" remanded by the Fifth Circuit to this Court neither (1) override this Court's Order providing that "[t]here will be no discovery conducted by either party"; nor (2) necessitate any inquiry beyond the facts and evidence already before this Court. For these reasons, there is no need for discovery as claimed in *Defendants' Opposition*.[2]

## II. VACATUR OF FEB. 3, 2020 ADVISORY OPINION HAS ALREADY BEEN FOUND TO BE AN INADEQUATE REMEDY

Defendants continue to argue that vacatur of the Feb. 3, 2020 Advisory Opinion is a sufficient remedy and there is no need to consider a permanent injunction in this case. Both this Court and the Fifth Circuit, however, have previously found otherwise.

In its Sept. 28, 2020 Memorandum Opinion and Order [Doc. 37], this Court vacated Defendants' Feb. 3, 2020 Advisory Opinion. This Court could have stopped with vacatur but did not. Instead, this Court took the further step of enjoining Defendants "from refusing to acknowledge the ERISA status of the [DMP] Plan or refusing to recognize the Limited Partners as working owners of DMP."

In its Aug. 17, 2022 Opinion, the Fifth Circuit affirmed this Court's vacatur of the Feb. 3, 2020 Advisory Opinion. *See Data Mktg. P'ship,* 45 F.4th at 858. The Fifth Circuit could have

---

[2] Although there is no need to supplement the summary judgment record as to the legal "interpretive questions" remanded by the Fifth Circuit, Plaintiffs reserve the right to move to supplement the summary judgment record with evidence of Defendants' enforcement activities relevant to the permanent injunction requested by Plaintiffs.

3

determined vacatur was a sufficient remedy but did not. Instead, the Fifth Circuit devoted much of the Opinion to the second portion of this Court's injunction enjoining Defendants from "refusing to recognize the Limited Partners as working owners of DMP." *Id*. at 858-59. The Fifth Circuit then vacated the injunction and remanded questions regarding this portion of the injunction to this Court." *Id.* at 860. Neither exercise would have been necessary had the Fifth Circuit determined vacatur was a sufficient remedy.

For these reasons, Defendants argument is unavailing; and disrespectful of the previous rulings of this Court and the Fifth Circuit.

### III. DEFENDANTS' MOTION TO REMAND HAS ALREADY BEEN DENIED

In its Sept. 11, 2023 Opinion [Doc. 51], this Court denied Defendants' *Motion to Remand to Agency* [Doc. 48] which sought remand to the agency for further adjudication. Despite this ruling, *Defendants' Opposition* continues to advocate remand. Since this Court has already rejected this argument, it need not address it again.

### IV. DMP PLAN HAS ALREADY BEEN FOUND TO BE A SINGLE EMPLOYER ERISA PLAN

Defendants also continue to argue the DMP Plan is not a single employer ERISA plan. The rulings of this Court and the Fifth Circuit, however, have already rejected this argument.

Before this Court's Sept. 28, 2020 Memorandum Opinion and Order [Doc. 37], the issue of whether the DMP Plan is an ERISA plan was fully briefed by the parties.[3] This Court expressly found the DMP Plan to be "a single employer welfare plan" subject to ERISA. This Court further found: "Since DMP is a singular entity that maintains the Plan, with LPMS as the fiduciary and

---

[3] *See Plaintiffs' Brief in Support of Motion for Summary Judgment* [Doc. 24] ("*Plaintiffs' MSJ Brief*"), pp. 11-12, 22-30, 41-50; *Defendants' Combined Brief* [Doc. 28], pp. 1-2, 3-6, 21-39; *Plaintiffs' Amended Consolidated Reply Brief in Support of Summary Judgment and Injunction as well as Opposition to Defendants' Cross Motion for Summary Judgment* [Doc. 30] ("*Plaintiffs' Reply*"), pp. 29-47; and *Defendants' Reply* [Doc. 36], pp. 12-17.

4

DMP's Limited Partners as equity owners and participants for ERISA purposes, it is clear that there is only one employer." This Court thus enjoined Defendants "from refusing to acknowledge the ERISA status of the [DMP] Plan."

Before the Fifth Circuit's Aug. 17, 2022 Opinion, the issue of whether the DMP Plan is an ERISA plan was again fully briefed by the parties.[4] The Fifth Circuit, however, never questioned whether the DMP Plan is an ERISA plan. Indeed, the "interpretive questions" now remanded to this Court ask whether the Limited Partners of DMP are eligible to participate in the DMP Plan as "bona fide partners" and "working owners" if they meet the Partner Eligibility Requirement.[5] Such "interpretive questions" naturally presume the DMP Plan is an ERISA plan; otherwise, there would be no reason to remand these questions to this Court.

For these reasons, the only arguments properly before this Court relate to the eligibility of Limited Partners to participate in the DMP Plan by meeting the Partner Eligibility Requirement, not whether the DMP Plan is an ERISA plan.

V. **SUBJECT TO "INTERPRETIVE QUESTIONS" REMANDED BY FIFTH CIRCUIT, EVIDENTIARY RECORD HAS ALREADY BEEN FOUND TO SUPPORT A PERMANENT INJUNCTION**

Defendants continue to attack, as they did before this Court and the Fifth Circuit, the admissibility of the evidence submitted by Plaintiffs in support of their request for a permanent injunction.[6] In its Sept. 28, 2020 Memorandum Opinion and Order [Doc. 37], however, this Court found the evidence supportive of a permanent injunction.

---

[4] *See Defendants' Opening Appellate Brief* [App. Doc. 00515804206], pp. 27-37; *Brief of Appellees*, United States Court of Appeal for the Fifth Circuit, Case No. 20-11179 [App. Doc. 00515900500] ("*Plaintiffs' Appellate Brief*"), pp. 7-9, 18-19; and *Defendants' Appellate Reply Brief* [App. Doc. 00515936020], pp. 11-23.
[5] *See Brief in Support of Plaintiffs' Motion for Summary Judgment* [Doc. 57], p. 11 and FN 15.
[6] *See Defendants' Combined Brief* [Doc. 28], pp. 23-24 and 44-45; *Defendants' Opening Appellate Brief* [App. Doc. 00515804206], p. 37.

In its Aug. 17, 2022 Opinion, the Fifth Circuit also did not question this Court's admission of evidence submitted by Plaintiffs; it questioned only whether this Court had conducted a sufficient analysis of the facts shown by the evidence. Accordingly, the Fifth Circuit remanded this case to this Court to "further address" the "interpretive questions" posed by such evidence.

For these reasons, the only questions before this Court are those remanded by the Fifth Circuit, not the evidentiary questions which have already been decided by this Court and the Fifth Circuit in Plaintiffs' favor.

**VI.    ONLY FIRST ELEMENT OF REQUISITE SHOWING FOR A PERMANENT INJUNCTION IS IMPLICATED BY "INTERPRETIVE QUESTIONS" REMANDED TO THIS COURT**

As acknowledged by *Defendants' Opposition*, a permanent injunction requires a four-part showing: (1) success on the merits; (2) the failure to grant the injunction will result in irreparable injury; (3) the injury outweighs any damage that the injunction will cause the opposing party; and (4) the injunction will not disserve the public interest. *United Motorcoach Ass'n, Inc. v. City of Austin,* 851 F.3d 489, 492-93 (5th Cir. 2017).

This four-part test, including Defendants' spurious argument that a permanent injunction would somehow hinder its investigative authority, was fully briefed by the parties before this Court's Sept. 28, 2020 Memorandum Opinion and Order [Doc. 37].[7] This Court considered each of these parts and then issued a permanent injunction enjoining Defendants from refusing to acknowledge the ERISA status of the [DMP] Plan or refusing to recognize the Limited Partners as working owners of DMP." As this Court noted, when, as here, an agency has committed itself to a view of the law, it forces a person or entity to "either alter its conduct or expose itself to potential liability."

---

[7] *See Plaintiffs' MSJ Brief* [Doc. 24], pp. 40-50; *Defendants' Combined Brief* [Doc. 28], pp. 45-50; *Plaintiff's Reply* [Doc. 30], pp. 47-50; and *Defendants' Reply* [Doc. 36], pp. 24-25.

6

This four-part test, including Defendants' argument as to its investigative authority, was again fully briefed by the parties before the Fifth Circuit's Aug. 17, 2022 Opinion.[8] The Fifth Circuit did not question this Court's analysis of (1) the last three parts of the four-part test; or (2) the ERISA status of the DMP Plan under the first part of the four-part test. Contrary to the assertion of *Defendants' Opposition*, the Fifth Circuit did not even find that this Court had misinterpreted the legal merits of an injunction as to the status of the Limited Partners. Instead, the Fifth Circuit simply questioned whether this Court had undertaken and/or elucidated a sufficient analysis of such legal merits.

Accordingly, the Fifth Circuit did not remand so that this Court could revisit all four parts of the test for a permanent injunction. Instead, the Fifth Circuit remanded only as to the two "interpretive questions" under the first part as to the portion of this Court's injunction enjoining Defendants from "refusing to recognize the Limited Partners as working owners of DMP." To the extent Defendants now want to reargue the other parts of the four-part test, including the previously rejected arguments as to the impact of the injunction on DOL investigations, those decisions have already been made by this Court and the Fifth Circuit to Defendants' detriment.

**DEFENDANTS' SELF-SERVING AND FICTIONAL DEFINITIONS OF "WORKING OWNER" AND "BONA FIDE PARTNER" ARE CONTRARY TO PURPOSES OF ERISA**

As ERISA and the Supreme Court decision in *Raymond B. Yates, M.D., Profit Sharing Plan v Hendon*, 541 U.S. 1 (2004) recognize, the overriding question in analyzing an employee benefit plan under ERISA is whether the plan benefits one or more common law employees. *Id.* Inexplicably, however, the agency charged with enforcement of ERISA now advocates an interpretation of the statute which frustrates rather than furthers at least two underlying purposes

---

[8] *See Defendants' Opening Appellate Brief* [App. Doc. 00515804206], pp. 37-38; *Plaintiffs' Appellate Brief* [App. Doc. 00515900500], pp. 49-58; and *Defendants' Appellate Reply Brief* [App. Doc. 00515936020], pp. 23-26.

of the statute. In doing so, Defendants advocate self-serving and fictional definitions of "working owner" and "bona fide partner." Not surprisingly, there is no jurisprudence which supports such convoluted interpretations of ERISA. Defendants have thus offered no basis for this Court to reconsider its Sept. 28, 2020 Memorandum Opinion [Doc. 37] finding, in support of its permanent injunction, that the Limited Partners of DMP are "working owners."

## I.  DEFINITIONS ARE CONTRARY TO PROMOTION AND FACILITATION OF EMPLOYEE BENEFIT PLANS

Inclusion of business owners and common law employees together in an employee benefits plan has long been recognized as "further[ing] ERISA's purpose to promote and facilitate employee benefit plans." *Yates*, 541 at 16-17. To be sure, a business owner does not technically fit the definition of a common law employee, but ERISA does not require that a business owner meet the definition of a common law employee. That business owners are different from common law employees is, in fact, a distinction embraced by ERISA. *See Yates*, 541 U.S. at 16-17 ("The working employer's opportunity personally to participate and gain ERISA coverages serves as an incentive to the creation of plans that will benefit employer and nonowner employees alike"). As long as one or more common employees also benefit from the plan, the purpose behind ERISA is served by the inclusion of business owners in the plan. *See Yates*, 541 U.S. at 6 ("If the plan covers one or more employees other than the business owner and his or her spouse, the working owner may participate on equal terms with other plan participants").

By advocating restrictive definitions of "working owner" and "bona fide partner" which require they be akin to common law employees, therefore, Defendants seek to limit or dismantle rather than promote employee benefit plans which benefit common law employees. No aspect of ERISA or ERISA jurisprudence supports such restrictive definitions. To the contrary, ERISA and ERISA jurisprudence unequivocally support the inclusion of business owners in ERISA plans.

8

**II.    DEFINITIONS ARE CONTRARY TO NATIONAL UNIFORMITY OF EMPLOYEE BENEFIT PLANS**

The inclusion of a business owners and common law employees in an employee benefit plan also "avoids the anomaly that the same plan will be controlled by discreet regimes; federal law governance for the nonowner employees; state law governance for the working owner." *Yates,* 541 U.S. at 17. "Excepting working owners from [ERISA's] coverage would generate administrative difficulties and is hardly consistent with a national uniformity goal. *Id.*

Excepting certain business owners from ERISA plans based upon the type, quantity, and value of their contributions to a business enterprise, however, is precisely what Defendants advocate here. Defendants would have the Limited Partners participants in the DMP Plan be subject to state law and the common law employees of the DMP Plan be subject to federal law. In other words, Defendants advocate the very anomaly which ERISA seeks to avoid. Fortunately for Plaintiffs, this Court, rather than Defendants, has the final say in defining the terms "working owners" and "bona fide partners" in a manner which promotes rather than hinders ERISA's goal of national uniformity.

**III.   DEFINITIONS ARE SELF-SERVING AND FICTIONAL**

Even while criticizing the work performed by the Limited Partners of DMP as "abstractions", Defendants advocate definitions of "working owner" and "bona fide partner" found nowhere other than the pages of *Defendant's Opposition*. It is undisputed these Limited Partners are actual legal partners of DMP,[9] and are more than passive participants in the business of DMP.[10] Still, Defendants advocate an imaginary bar which the Limited Partners do not meet based upon the nature of DMP's business, and the nature, extent and value of contributions provided by the Limited Partners.

---

[9] App. p. 9; App. p. 55, ¶ 11 [Doc. 24].
[10] App. p. 8; App. p. 55, ¶¶ 12-16; App. p. 56, ¶ 18 [Doc. 24].

9

Defendants' imaginary bar is thus just as arbitrary and capricious, and result oriented, as their Feb. 3, 2020 Advisory Opinion. This Court emphasized as much in its Sept. 28, 2020 Memorandum Opinion and Order [Doc. 37]. The bar otherwise conflicts with Advisory Opinion 1999-04A which requires only "involve[ment] in the activities in which the business engages for profit" rather the type of work traditionally performed by common law employees. More importantly, the bar does nothing to promote and facilitate employee benefit plans or national uniformity of employee benefit plans.

### IV. DEFINITIONS ARE UNSUPPORTED BY ERISA JURISPRUDENCE

Contrary to the assertion of Defendants, there is no ERISA jurisprudence which requires that business owners also be common law employees to participate in an ERISA plan. *Yates*, cited by *Defendants' Opposition*, does state that a working owner *can* wear two hats, as an employer and employee, but nothing in the opinion states a working owner *must* wear these two hats to participate in an employee benefit plan which benefits common-law employees. The Supreme Court otherwise found it unnecessary to address the question of whether a "working owner" must also meet the common law definition of an employee, as articulated in *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992). *See Yates*, 541 U.S. at 12 ("… there is no need in this case to resort to common law").

To be sure, Justice Thomas was frustrated the Court in *Yates* did "not clearly define who makes up this class of 'working owners'" who can participate in ERISA plans. *Id.* at 25. Nevertheless, the Court did implicitly reject the notion that an owner could be actively involved in the activities of the business, like the Limited Partners of DMP, and yet still not meet the definition of a "working owner." After all, both the majority opinion and Justice Scalia's concurrence cited Advisory Opinion 1999-4A which not only originated but defined the term "working owner" used in the *Yates* opinion. *Id*. at 17, 20, 24. The Court could certainly have

10

adopted a different term, i.e., "owner employee", and definition, i.e., the common law definition per *Darden*, but chose instead to go with the term used and defined by the DOL. The reasons for doing so are plain from the exhaustive analysis in *Yates*; such term and definition comport with the language and purpose of ERISA.

<b>PLAINTIFFS WOULD BE IRREPARABLY HARMED<br>IN THE ABSENCE OF A PERMANENT INJUNCTION</b>

**I.    ERISA PREEMPTION**

ERISA expressly states that the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a) In construing this clause, the Supreme Court has described two categories of state laws ERISA preempts:

> "First, ERISA preempts a state law if it has a 'reference to' ERISA Plans [citation omitted]. To be more precise, '[w]here a State's law acts immediately and exclusively upon ERISA plans … or where the existence of ERISA plans is essential to the law's operation …., that 'reference will result in preemption.' [citation omitted]. Second, ERIS preempts a state law that has an impermissible 'connection with' ERISA Plans, meaning a state law that 'governs … a central matter of an administration' or 'interferes with nationally uniform plan administration.' [citation omitted]. A state law also might have an impermissible connection with ERISA plans if 'acute, albeit indirect, economic effects' of the state law 'force an ERIS plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers.' [citation omitted] … [T]hese formulations ensure that ERISA's express preemption clause receives the broad scope Congress intended …"

*Gobeille v. Liberty Mutual Co.*, 577 U.S. 312, 319-20 (2016). As further explained by the Court:

> "ERISA does not guarantee substantive benefits. The statute, instead, seeks to make the benefits promised by an employer more secure by mandating certain oversight systems and other standard procedures. [citation omitted]. Those systems and procedures are intended to be uniform. [citation omitted] (ERISA's preemption cluse indicates Congress's intent to establish the regulation of employee welfare benefit plans 'as exclusively a federal concern') [citation omitted]. 'Requiring ERISA administrators to master the relevant laws of 50 States and to contend with litigation would undermine the congressional goal of 'minimiz[ing] the administrative and financial burden[s]' on plan administrators -burdens ultimately borne by the beneficiaries.' [citations omitted]."

*Id.* at 320-21.

## II. DOL ENFORCEMENT

ERISA charges the DOL with the enforcement of its provisions though investigations and civil actions. 29 U.S.C. §§ 1132(a); 1134.

## III. DEFENDANTS' REFUSALS ARE SOURCE OF PLAINTIFFS' IRREPARABLE HARM

Although *Defendants' Opposition* claims Defendants have taken no enforcement action with respect to the DMP Plan and DMP's Limited Partners since the vacatur of the Feb. 3, 2020 Advisory Opinion that is the fundamental problem which necessitates a permanent injunction. Contrary to ERISA and ERISA jurisprudence, and the previous decisions of this Court and the Fifth Circuit, Defendants continue to maintain that (1) the DMP Plan is not an ERISA plan; and (2) the Limited Partners are not working owners of DMP. Defendants have thus denied and refused any enforcement responsibility with respect to the DMP Plan, in defiance of the charge provided by ERISA. This refusal has left a void to be filled by 50 states in contravention of ERISA preemption and the statute's goal of national uniformity of employee benefit plans. As this Court previously recognized in its Sept. 28, 2020 Memorandum Opinion and Order [Doc. 37], when, as here, an agency has committed itself to a view of the law, it forces a person or entity to "either alter its conduct or expose itself to potential liability." In this case, the commitment of Defendants to an inaccurate view of ERISA effectively forces Plaintiffs to alter the structure of the DMP Plan or expose themselves to potential liability under state law. Only a reinstatement of the permanent injunction can avoid this irreparable injury.

## CONCLUSION

The core of the Fifth Circuit's remand is contained in two sentences: (i) "the question on remand is whether all of the *Yates* factors, including the various provisions of ERISA and the IRC, combine to make these particular working owners qualify as plan participants" and (ii) as to the bona fide partners question, "we believe it best to remand for the district court to apply the totality-

of-the-circumstances inquiry in the first instance." *Data Mktg. P'ship, LP*, 45 F.4th at 858 and 859. Plaintiffs believe that this Court gave such consideration on both issues prior to its original ruling, and that the analysis provided in *Plaintiff's Motion for Summary Judgment* comprehensively addresses the Fifth Circuit's requirements as to the "working owners" and "bona fide partner" questions on remand and supports the original ruling. Because all four elements necessary for a permanent injunction have been shown, and since the Limited Partners meeting the Partner Eligibility Requirements have been shown to be "working owners" and "bona fide partners" of DMP despite the meritless assertions of Defendants to the contrary, Plaintiffs respectfully request that this Court reissue a memorandum opinion and order (1) enjoining Defendants from refusing to acknowledge the ERISA-status of the DMP Plan and refusing to recognize the Limited Partners meeting the Partner Eligibility Requirement as working owners of DMP, and (2) awarding such other and further relief to which they may be just entitled.

Respectfully submitted this 21st day of June 2024.

/s/ Jonathan D. Crumly, Sr.

Jonathan D. Crumly, Sr.
*Pro Hac Vice*
**Freeman Mathis & Gary, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
Tel: 770.8180000
Fax: 770.937.9960
Email: Jonathan.Crumly@fmglaw.com

Robert G. Chadwick, Jr.
Texas Bar No. 04056075
**Freeman Mathis & Gary, LLP**
7160 Dallas Parkway, Suite 625
Plano, Texas 75024
Tel: 469.895.3003
Fax: 888.356.3602
Email: Bob.Chadwick@fmglaw.com

Michael L. Jones
Texas Bar No. 10929460
**Law Office of Michael Jones**
16901 Dallas Parkway, Suite 202
Addison, TX 75001
Tel: 214-954-9700
Email: mjones@henryandjones.com

**Attorneys For Plaintiffs**

14

## CERTIFICATE OF SERVICE

On June 21, 2024, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I certify that I have served the parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Jonathan D. Crumly, Sr.           
Jonathan D. Crumly, Sr.