IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DATA MARKETING PARTNERSHIP, LP, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) Civil Action No. 4:19-cv-00800-O |
| v. | )<br>) |
| UNITED STATES DEPARTMENT OF LABOR, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**OPPOSED AMENDED MOTION FOR LEAVE TO FILE AND SERVE SUPPLEMENTAL COMPLAINT AND SUPPORTING BRIEF**

Defendants have fought vigorously but heretofore unsuccessfully to support the position, as set forth in a February 3, 2020 Advisory Opinion, that welfare plans sponsored by Plaintiffs are not governed by the Employee Retirement Income Security Act ("ERISA"). Their most recent strategy, as to the remaining issue of injunctive relief, has targeted vendors critical to the survival of the plans. This strategy, which has culminated in salacious and frivolous litigation consisting in a series of unfounded allegations, which have been comprehensively rebutted with documentary evidence provided to and ignored by Defendants, against the vendors in the U.S. District Court for the District of Puerto Rico styled as *Julie A. Su v. Suffolk Administrative Services, LLC; et al.*, Case 3:24-cv-01512 (the "*Puerto Rico Complaint*," which is attached hereto as Exhibit A). The *Puerto Rico Complaint* seeks to (1) coerce Plaintiffs into dismissing this suit and withdrawing the request for an advisory opinion which prompted this suit; and/or (2) shut down the plans, thereby rendering injunctive relief moot. Such strategy is a challenge not only to the authority of this Court, but also to Plaintiffs' First Amendment rights of petition. So that this strategy may be properly

1

addressed by this Court, Plaintiffs now move, under Rule 15(d) of the Federal Rules of Civil Procedure, for leave to file the *Supplemental Complaint for Declaratory and Injunctive Relief ("Supplemental Complaint")* attached hereto as Exhibit B.

## BACKGROUND
### I. LIVE PLEADING CURRENTLY BEFORE THE COURT

On February 3, 2020, Plaintiffs Data Marketing Partnership, LP ("DMP), and LP Management Services, LLC ("LPMS") (collectively "Plaintiffs') filed their *First Amended Complaint for Declaratory and Injunctive Relief* [Doc. 9] ("*First Amended Complaint*") against Defendants U.S. Department of Labor; Secretary of Labor Eugene Scalia; and the United States of America (collectively "Defendants"). This pleading was followed by this Court's September 28, 2020 *Memorandum Opinion and Order* [ Doc. 37] granting Plaintiffs' Motion for Summary Judgment, thereby (a) vacating a February 3, 2020 Advisory Opinion by Defendants in response to a November 8, 2018 request to Defendants by Plaintiffs ("AO Request"); and (b) enjoining Defendants from "refusing to recognize the ERISA-status of the [DMP] Plan or refusing to recognize the Limited Partners [of DMP] as working owners of DMP."

On appeal, an August 17, 2022 Opinion [Doc. 44] by the Fifth Circuit affirmed the vacatur of the February 3, 2020 Advisory Opinion but vacated the injunction and remanded to this Court for further findings as to the injunction. In an Opinion and Order dated August 11, 2023 [Doc. 51], this Court denied Defendants motion to remand the question of injunctive relief to the agency.

Thereafter, on January 15, 2024, *Plaintiffs' Motion for Summary Judgment* [Doc. 56] was filed seeking reinstatement of the injunction vacated by the Fifth Circuit. This Motion has been fully briefed by all parties and is awaiting a ruling by this Court.

## II. DEFENDANTS TIE THREATENED LITIGATION AGAINST PLAINTIFF'S VENDORS TO PLAINTIFFS' WITHDRAWAL OF AO REQUEST AND DISMISSAL OF THIS SUIT

As set forth further in the *Supplemental Complaint*, the viability of the DMP Plan and other limited partnership plans sponsored by Plaintiffs are dependent upon the vendor services provided by Suffolk Administrative Services, LLC ("SAS") and Providence Insurance Co., I.I. ("PIC"). Without these vendors, the plans cannot operate. *[Supp. Complaint ¶¶ 21-22; 52-58]*

Beginning with a February 8, 2024, e-mail, Defendants undertook an extortive strategy which tied the continued fate of SAS and PIC to the present suit. Specifically, Defendants indicated a willingness to settle potentially financially and reputationally ruinous litigation against SAS and PIC in exchange for an agreement by Plaintiffs to (a) withdraw the AO Request, and (b) dismiss the present suit. *[Supp. Complaint ¶¶ 21-24, 93-101]*

Plaintiffs were unwilling to accede to Defendants' extortive strategy against their vendors. By letter dated October 31, 2024 to SAS and PIC, Defendants confirmed litigation against them was imminent. *[Supp. Complaint ¶ 103]*

## III. DEFENDANTS SUE PLAINTIFFS' VENDORS IN PUERTO RICO

On November 5, 2024, Defendants carried through on their threats by filing suit ("*Puerto Rico Complaint*") against SAS, PIC, and their current or former principals, Alexander Renfro, William Bryan and Arjan Zieger, in the U.S. District Court for the District of Puerto Rico, (See Exhibit B, attached hereto). According to the Civil Cover Sheet accompanying the *Puerto Rico Complaint*, Defendants seek $40,000,000, payment of which would effectively bankrupt SAS and PIC and render them unable to continue to provide the vendor services necessary to the plans sponsored by Plaintiffs.[1]

---

[1] As of the date of this amended motion, no summons has been issued by the U.S. District for the District of Puerto Rico as to the *Puerto Rico Complaint*. Accordingly, it is as yet unclear whether or not Defendants intend to serve or amend such pleading.

Significantly, the *Puerto Rico Complaint* is devoid of facts showing a plausible claim against SAS, PIC, and their current and former principals. In fact, the Puerto Rico Complaint includes demonstrably false and defamatory allegations which contradict documentary evidence provided to Defendants over the course of the years long "investigation" into these vendors of plans sponsored by Plaintiffs. To the extent the pleading claims ERISA violations, such claims are salacious and frivolous.

### PUERTO RICO SUIT INCLUDES VENDOR SERVICES PROVIDED TO PLANS SPONSORED BY PLAINTIFFS

The *Puerto Rico Complaint* mentions the present suit but disingenuously asserts that the plans at issue here are not among the "Participating Plans" at issue in that suit. The allegations of the pleading, however, show otherwise.

First, the *Puerto Complaint* alleges SAS and PIC constitute a single multiple employer welfare arrangement ("MEWA") which includes plans sponsored by employers and limited partnerships such as Plaintiffs. *[Puerto Rico Complaint ¶ 2]* The allegations of the pleading thus unavoidably relate to the operations of the alleged MEWA as a whole, and not to specific plans administered by the alleged MEWA.[2]

Second, the *Puerto Rico Complaint* alleges the commingling of funds by third-party administrators ("TPAs"). *[Puerto Rico Complaint ¶¶ 40-41]*. This alleged commingling necessarily included plans sponsored by both employers and limited partnerships such as Plaintiffs.

To be clear, SAS and PIC deny they are a MEWA and that they have engaged in unlawful behavior. They further deny that any assets of any ERISA plan which they service have ever been commingled, by the companies themselves or, to their knowledge by any third parties.

---

[2] Furthermore, Defendants acknowledged in Footnote 1 of Exhibit G to the *Supplemental Complaint*, that the plans sponsored by Plaintiffs here are part of the same MEWA which is the subject of the *Puerto Rico Complaint*.

4

Nevertheless, the allegations of the *Puerto Rico Complaint* encompass all plans serviced by SAS and PIC, including the plans at issue in the present suit.

## ARGUMENT

Rule 15(d) of the Federal Rules of Civil Procedure provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "A supplemental pleading may bring in new claims when the subsequent allegations stem from the original cause of action." *Mangwiro v. Napolitano*, 939 F.Supp.2d 639, 647-48 (N.D. Tex. 2013), citing *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir.1982), *vacated on other grounds by* 460 U.S. 1007 (1983).

Rule 15(d) is intended "to promote as complete an adjudication of the dispute between the parties as possible." 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 1504 (3d ed. Sept. 2018 Update). A supplemental pleading should be allowed when it "facilitates the efficient administration of justice." *Griffin v. County Sch. Bd. of Prince Edward County,* 377 U.S. 218, 226–27 (1964).

### I. THE EVENTS COMPLAINED OF IN *SUPPLEMENT COMPLAINT* HAPPENED AFTER *FIRST AMENDED COMPLAINT*

There is no question the events alleged in the *Supplemental Complaint* occurred after the *First Amended Complaint* in the present suit. As set forth further in the *Supplemental Complaint*, Defendants did not tie the fate of SAS and PIC to the present suit until after the filing of *Plaintiffs' Motion for Summary Judgment* on January 15, 2024.

### II. *SUPPLEMENTAL COMPLAINT* STEMS FROM CLAIMS OF *FIRST AMENDED COMPLAINT*

As set forth further in the *Supplemental Complaint,* the pleading responds to Defendants' strategy to avoid the injunctive relief sought in the *First Amended Complaint*. Specifically, the

pleading shows how Defendants expressly sought to coerce Plaintiffs into withdrawing the AO Request and dismissing this suit and the request for injunctive relief. The pleading also shows how Defendants have sought to moot the injunctive relief by shutting down the plans. There is thus no question the *Supplemental Complaint* stems from the claims of the *First Amended Complaint*.

### III. THE *SUPPLEMENTAL COMPLAINT* PROMOTES JUSTICE

Justice would be served by granting leave to file the *Supplemental Complaint*.

First, the *Supplemental Complaint* implicates the First Amendment right to petition exercised by Plaintiffs both in the AO Request and the present suit. Here, Defendants have pressured Plaintiffs to abandon both petitions through threats against vendors necessary to the continued viability of the plans. Defendants have also sought to moot both petitions by shutting down the plans indirectly by targeting their vendors. Justice thus dictates that the alleged infringement of Plaintiffs' First Amendment rights be heard by this Court.

Second, the *Supplemental Complaint* implicates the integrity of this suit. Defendants have sought an end-around of this Court in a strategy designed to remove the ability of this Court to issue the injunctive relief sought by Plaintiffs. Justice mandates that Defendants be held accountable to the extent this strategy infringed upon this Court's inherent authority in this case.

Third, Plaintiffs are not parties to the Puerto Rico suit and thus have no ability to raise the allegations set forth in the *Supplemental Complaint* in that court. Justice thus requires that Plaintiffs be heard as to Defendant's strategy in the only action to which they are is a party, which is the present case.

Fourthly, the relief sought in the *Supplemental Complaint* seeks only to preserve the integrity of the injunctive relief sought by Plaintiffs in this action. The pleading merely seeks an injunction supportive of the injunction already sought by Plaintiffs which enjoins Defendants from engaging in any conduct against Plaintiffs or third parties which is intended to circumvent, moot

or otherwise thwart the injunction sought by the *First Amended Complaint*. Justice would thus undoubtedly be served by such a limited supplemental injunction.

Finally, this motion is not being filed for purposes of delay. The motion was filed only when it became necessary to do so.

## CONCLUSION

For these reasons, and the reasons set forth in the *Supplemental Complaint* attached hereto, Plaintiffs respectfully request that this Court issue a memorandum opinion and order (1) granting leave to file the *Supplemental Complaint* attached hereto, and (2) awarding such other and further relief to which they may be just entitled.

Respectfully submitted this 25th day of November 2024.

    s/ Jonathan D. Crumly, Sr.
Jonathan D. Crumly, Sr.
*Pro Hac Vice*
**Freeman Mathis & Gary, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
Tel: 770.8180000
Fax: 770.937.9960
Email: Jonathan.Crumly@fmglaw.com

Robert G. Chadwick, Jr.
Texas Bar No. 04056075
**Freeman Mathis & Gary, LLP**
7160 Dallas Parkway, Suite 625
Plano, Texas 75024
Tel: 469.895.3003
Fax: 888.356.3602
Email: bob.chadwick@fmglaw.com

Michael L Jones
Texas Bar No. 10929460
**Law Office of Michael Jones**
16901 Dallas Parkway, Suite 202
Addison, TX 75001
Tel: 214-954-9700
Email: mjones@henryandjones.com

**Attorneys For Plaintiffs**

7

## CERTIFICATE OF CONFERENCE

On October 31, 2024, I forwarded a draft of the original Motion for Leave and the proposed Supplemental Complaint to Galen Thorpe, counsel for Plaintiffs, requesting a written communication by the end of business on November 1, 2024 whether Plaintiffs opposed this Motion. On November 1, 2024, Mr. Thorpe advised via e-mail Defendants were opposed to the Motion.

*/s/ Robert G. Chadwick, Jr.*
Robert G. Chadwick, Jr.

## CERTIFICATE OF SERVICE

On November 25, 2024, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I certify that I have served the parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Robert G. Chadwick, Jr.*
Robert G. Chadwick Jr.