# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORTH WORTH DIVISION

| | |
|---|---|
| DATA MARKETING PARTNERSHIP, LP, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 4:19-cv-00800-O |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) |
| Defendants. | ) |

## JOINT MOTION FOR EXTENSION OF DEADLINES

The Parties, pursuant to Fed. R. Civ. P. 6(b)(1)(A) respectfully move for a 120-day extension of the fact discovery period and all subsequent deadlines in this case. As relevant to this motion, the Parties state:

1. On May 6, 2025, pursuant to the Parties' request in their May 5, 2025 Joint Status Report, this Court entered a Scheduling Order that set the deadline for fact discovery as January 16, 2026. ECF Nos. 76-77.

2. Defendants served Plaintiffs with their First Requests for Production on June 5, 2025.

3. Because of difficulties, including obtaining relevant documents from third parties, Plaintiffs requested, and Defendants agreed, to two extensions of Plaintiffs' deadlines culminating in a production deadline of August 12, 2025. *See* ECF Nos. 81-82.

4. Plaintiffs responded without raising objections to Defendants' Requests on August 12, 2025 and indicated that there were responsive documents to all but five of Defendants' thirty-six requests. However, Plaintiffs did not produce their first set of documents until August 16, 2025 and indicated that additional documents would be produced on rolling basis.

5. From August 16, 2025 to September 30, 2025, the Parties held various conferences to attempt to mitigate and resolve the disputes related to Plaintiffs' production. Unable to resolve their disputes, Defendants served Plaintiffs with their Second Requests for Production on September 25, 2025 to identify what efforts Plaintiffs had undertaken to complete discovery.

6. On September 30, 2025, the appropriations funding the Department of Justice and Defendant agencies lapsed.

7. Absent an appropriation, Department of Justice attorneys and employees of Defendants were prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Thus, the undersigned and employees of Defendants were prohibited from working on this matter until appropriations were restored on November 13, 2025. *Id.*

8. In addition, lead counsel for Plaintiffs transitioned to a new law firm in the midst of the discovery process and the associate managing the collection, review, and production of responsive documents left lead counsel's prior firm shortly after the transition. Both of those professional changes resulted in unexpected complications and delay in the collection, review, and production of responsive documents.

9. While no documents were produced by Plaintiffs during the shutdown, Plaintiffs submitted responses to Defendants' Second Requests for Production on October 27, 2025 identifying responsive documents to two of Defendants' requests and objecting without identifying responsive documents to the remaining four.

10. Over the past several weeks, Plaintiffs and Defendants have been engaging in active discussions to resolve discovery disputes without necessitating court intervention. On December 16, 2025, Plaintiffs represented that besides one outstanding document and a privilege log, they have completed their production. Given that production to date does not appear consistent with the responses

originally submitted, Defendants asked and Plaintiffs agreed to amend their responses to Defendants' Requests for Production by January 16, 2026 and to extend the discovery period.

11. The Parties have agreed that a 120-day extension of the discovery period is appropriate for completion of discovery on the issue prescribed by the Fifth Circuit's mandate.

12. For the reasons stated above, there is good cause to extend deadlines to the following:

   a. Plaintiffs **SHALL** amend their Responses to Defendants' First and Second Requests for Production by **January 16, 2025**.

   b. The fact discovery period shall be extended to **May 18, 2026**.

   c. Plaintiffs **SHALL** file a motion for summary judgment on **July 15, 2026**.

   d. Defendants **SHALL** file their opposition to Plaintiffs' motion for summary judgment consolidated with Defendants' cross-motion for summary judgment by **August 31, 2026**.

   e. Plaintiffs **SHALL** file their reply brief in support of their motion for summary judgment consolidated with their opposition to Defendants' cross-motion for summary judgment by **October 13, 2026**.

   f. Defendants **SHALL** file their reply in support of their cross-motion for summary judgment by **November 27, 2026**.

Dated: December 26, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Katie Carr Jacobs*
KATIE CARR JACOBS
Assistant United States Attorney

        Texas Bar No. 24091154
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone: 214-659-8600
        Facsimile: 214-659-8803
        Katie.Jacobs@usdoj.gov

*Counsel for Defendants*

**CLARK HILL PLC**

*/s/Allen W. Nelson*
Allen W. Nelson
Georgia Bar No. 537680
anelson@clarkhill.com
3630 Peachtree Road NE, Suite 700
Atlanta, Georgia 30326
(678) 370-4364 / Telephone
(678) 370-4358 / Facsimile

*Counsel for Plaintiff*